## Richmond.

KEESEE, CLARK AND ALS. v. THE BORDER GRANGE BANK.

February 1st, 1883.

1. PRACTICE AT COMMON LAW.—*Continuance.*—Every motion for continuance is addressed to the sound discretion of the court, under all the circumstances of the particular case, and the appellate court, in supervising the action of the inferior court upon such motion, will never reverse the judgment on the ground of the refusal to grant it, unless the refusal was plainly erroneous.

2. IDEM.—*Instructions—Case at bar.*—In 1876, the B. G. W. & S. Co. executed a trust deed securing to the B. G. bank a note made by the company for $4,000, at ninety days, for money loaned, and certain advances to be made—the bank reserving privilege to foreclose the deed at any time within the ninety days, upon the failure of the company to return the advances at the times stated in the deed. The bank cashed the company's checks until November, 1878, when the company, pressed by the bank to return the advances, executed its note for $2,800, with sureties. This note was discounted and the net proceeds applied to the advances. The bank continued to cash the company's checks until the advances amounted to $2,278.99, and refused to cash more. The company suspended, indebted to the bank on the note secured by the trust deed, $3,500; on open account, for advances, $2,278.99, and the $2,800 note. The trust deed was foreclosed, and the proceeds, $5,558.31, applied to the $3,500 note and the open account for the advances. Suit was brought on the $2,800 note. Defendants filed a special plea that the $2,800 was part of the company's indebtedness secured by the trust deed, and that $1,827.31, the ratable amount said $2,800 and interest was entitled to out of said proceeds, should be allowed as a set-off to the plaintiff's demand. At the trial, defendants asked the court to instruct the jury as follows, viz: "That if, from the evidence, the jury believe that the original note of which the note sued on is a renewal, was given for daily balances, which daily balances were secured in the deed of trust to W. E. Boisseau, referred to in the defendant's plea, and that said original note was given with the agreement and understanding

that the amount for which said original note was given was still considered as secured in said deeds, then they must allow the set-off claimed by the defendants in their special plea, if they further believe that this amount is the correct amount in this cause;" which instruction was refused, and the defendants excepted. The jury found for plaintiff the amount of the note, and there was judgment accordingly. On error:

HELD:

1. The instruction was not a proper one under the facts of the case.
2. But conceding it to have been proper, the plaintiff was clearly entitled to recover upon the evidence in the record, and therefore the refusal to give it, is not a ground for reversing the judgment. ·

Error to judgment of corporation court of the town of Danville, rendered 13th April, 1880, in an action of debt, wherein the Border Grange Bank was plaintiff, and the Border Grange Warehouse and Supply Company, as principal, and R. C. Keesee, A. J. Clark, John B. Anderson, and George K. Griggs, were defendants on a note for $2,800, payable at ninety days after its date, viz: 30th April, 1879. The verdict and judgment being adverse to the defendants, they obtained a writ of error and *supersedeas* from one of the judges of this court. The facts are fully stated in the opinion of the court.

*E. E. Bouldin*, and *Cabell & Peatross*, for the appellants.

*Withers & Barksdale*, for the appellee.

HINTON, J., delivered the opinion of the court.

This case comes before this court upon a writ of error and supersedeas to a judgment of the corporation court of the town of Danville, entered at its April term, 1880.

From the record it appears that the Border Grange Warehouse and Supply Company, by a trust deed dated June 6th, 1876, entered into an agreement with the Border Grange Bank. That in accordance with the terms of said agreement, the bank

advanced, from time to time, money to said company, with which it conducted its business during that year. And that the advancements of money so made were secured by the aforesaid deed of trust.

That on the seventh day of March, 1877, it made another arrangement with the bank, and that on that day the company executed a deed of trust, conveying the warehouse and fixtures of the company to a trustee, to secure a certain note made by the company for $4,000, payable at ninety days, to J. J. Lawson, cashier of said bank, for money loaned; and also to secure certain advances to be made to the company. The bank expressly reserving the right to foreclose said deed at any time within the said ninety days, upon the failure of the company to return the sums advanced at the times stated in the deed.

In pursuance of this agreement the bank daily cashed the checks of the company, until sometime in the month of November, 1878,.when the board of directors of said company being pressed by the bank to return the sums so advanced upon open account, executed and delivered to the bank the company's note, with all of the appellants as securities for the sum of $2,800. This note was discounted by the bank, and the net proceeds thereof were applied to the credit of said warehouse company on account, for advances previously made—that this note for $2,800 is the note, in renewal of which the note filed with the declaration was given. Thereafter the bank continued to cash the checks of the company until the company became insolvent and stopped business.

At the time of such suspension the company was indebted to the bank on open account for advancements in the sum of $2,278.99, on the note secured by the deed of trust in the sum of $3,500, and also on the note for $2,800, in the full amount thereof. The trust deed was subsequently foreclosed, and the proceeds of the sale of the property embraced therein, amounting to $5,558.31, were paid over to the bank, and by it applied

to the payment of the note for $3,500, and to the open account for advances.

The appellants filed (along with two formal pleas) a special plea averring that the $2,800, for which the first note was given, was a part of the indebtedness of said company, which was secured by the trust deed, and claiming that the sum of $1,827.31, that being the *pro rata* amount said $2,800 and interest would be entitled to (if secured as alleged), should be allowed as a set-off to the plaintiff's demand.

Upon the trial, a verdict was rendered for the whole $2,800, with interest.

The first error assigned is the refusal of the court below to grant the appellants a continuance. Without setting forth the facts bearing upon this point, it will suffice to say, that the established rule in regard to all such motions is, that every such motion is addressed to the sound discretion of the court under all circumstances of the particular case; and that the appellate court in supervising the action of the inferior court upon such a motion, will never reverse the judgment on that ground, unless the refusal of the court to grant the continuance was plainly erroneous. *Hewitt's Case,* 17 Grat. 629; *Roussell's Case,* 28 Grat. 930; *Walton's Case,* 32 Grat. 858; *Bland and Giles Co. Judge Case,* 33 Grat. 448. In the circumstances of this case, as disclosed in the certificate of facts, we can discover no reasonable ground for the application, and it was, therefore, properly refused.

The next error assigned brings up a question of more importance, but one which we think is readily solved. It is this: Is the renewal note, dated April 30th, 1879, for $2,800, secured by the deed of trust? If it is, then clearly, the jury erred in not allowing the sum of $1,827.31, that being the *pra rata* share of the net proceeds of the sale of the trust property to which said note for $2,800 is entitled in such case, as a set-off against the plaintiffs' demand. If, however, that note was not secured

in said deed, the judgment is equally as clearly right.    Upon this point the certificate of facts shed a flood of light by which we may easily read the intention of the parties and the meaning of the transaction.    The court says, and manifestly the jury so thought, that it was proved that the bank, "repeatedly and continually demanded of said warehouse and supply company the *repayment* of the sums so advanced,  *  *  *  and notified it unless said sums were *replaced*, further accommodations could not be given."    And again, "in November, 1878," · says the certificate of facts, the bank notified the board of directors of said company "that unless the *amount then due, on open account for advances was settled*, it would refuse further to cash its checks and would foreclose the deed."    Upon the receipt of this last message the first note for $2,800, was executed and delivered to the bank, by which it was discounted, and the *net proceeds thereof* applied to the credit of the company on the books of the bank, thus *settling*, by off-setting and paying, or to use the language of the certificate of facts, replacing and repaying an equal sum due for advances under said deed.    In the face of these facts, how, then, can it be even plausibly argued that the debt for which this note was given was secured in the deed of trust.    The net amount obtained by discounting this note is the debt for which this note was given.    And the net amount so obtained paid the advances under the deed, which was the debt secured by the deed.    Beyond doubt, the obtaining of the money upon this note, by discounting it, was intended as a separate transaction and the money so obtained was no part of the debt secured in the deed.

And this brings us to the last error assigned, that is, that the court should not have refused to give the second instruction asked for by the defendants.    Upon this point we have only to say it was not a proper instruction to be given under the facts of this case.    But conceding it to be correct, the plaintiff was

clearly entitled to recover upon the evidence in the record, and therefore the refusal of the court to give it is not a ground for reversing the judgment. *N. Y. L. Ins. Co.* v. *Hendren,* 24 Gratt. 536; *Danville Bank* v. *Waddill,* 27 Gratt. 448. We find no errors in the judgment complained of and it must be affirmed.

JUDGMENT AFFIRMED.