## Wytheville.

### CARTER v. WHARTON.

#### JULY 8th, 1886.

1. PRACTICE AT COMMON LAW—*Continuances.*—Motion for continuance is addressed to the sound discretion of the court under the circumstances of the case ; and its judgment will not be reversed unless plainly erroneous.

2. IDEM—*General rule.*—Where witness fails to appear, and it is shown that a *subpœna* for him was duly returned executed, or if not so returned, was delivered to the proper officer, a reasonable time before the trial, and that the witness is material, and that trial cannot be safely gone into without his testimony, a continuance should be granted, if there be reasonable ground to believe that his attendance at the next term can be secured ; and it matters not that the witness is the plaintiff or the defendant in the case. *Hewitt's Case,* 17 Gratt. 627.

3. IDEM—*Case at bar* is one where, under the circumstances, the continuance asked for should have been granted.

Error to judgment of circuit court of Richmond county, rendered April 19th, 1884, in an action of covenant wherein E. L. Wharton was plaintiff and M. A. Carter was defendant. Judgment was rendered against defendant for $609.25 and costs. Before the trial, defendant's motion for a continuance being overruled, he excepted. The evidence was certified. And to the judgment he obtained from one of the judges of this court a writ of error and *supersedeas.*

The case was argued at Richmond, and decided at Wytheville. Opinion states the case.

*T. R. B. Wright,* for the plaintiff in error.

*B. R. Wellford* and *W. A. Jones,* for the defendant in error.

RICHARDSON, J., delivered the opinion of the court.

There is a single point only for investigation and decision here. The question thus presented by the record arises on the refusal of the court below to grant a continuance on the motion of the defendant at the term at which the trial was had and the judgment rendered. A very brief history of the case will suffice.

The plaintiff below sued out his writ on the 30th of August, 1883, returnable to first Monday in September, 1883, summoning the defendant below to answer a plea of covenant broken, for $1,000 damages. On the next day, the writ was returned executed. At the September rules, and at the October rules, 1883, the action was continued for want of a declaration. On the second day of the October term, 1883, of said circuit court, the plaintiff filed his declaration, by his attorney, and presumably by consent of parties, the record being silent in that respect, and the only entry being to the effect that the defendant, on the motion of his attorney, having plead the general issue, and the plaintiff having replied generally, had leave to file special pleas within sixty days.

On the first day of the next term, to wit: April 18th, 1884, when the case was called, the plaintiff announced himself ready; but the defendant's attorney moved for a continuance on the ground that the defendant himself was a material witness in the cause, and had been duly summoned to attend as

such witness at the term, was sick and unable to attend court, and that trial could not be safely gone into without his testimony. The record shows that a summons had been issued for the defendant to appear as a witness, on the 8th, and had been executed on the 12th of April, 1884. Witnesses were examined as to his ability to attend court and appear as a witness, but the case was only adjourned over until next morning, when the motion for continuance was renewed. The defendant was still absent; three physicians testified that he was sick; two of them, who were examined for the defendant, thought him unable from sickness to be present; but one, who was examined for the plaintiff, thought that, though he was sick, yet he might safely attend as a witness. All of these physicians had just visited and examined the defendant, who was then at the house of one of his counsel, distant one mile from the courthouse of said county.

There was evidence that the defendant had been active in making preparations for the trial, and to supply the place of his retained counsel, who, it was understood, would be absent from the court at the April term. And it was admitted that the defendant had disposed of his property there, and was about to move to Washington Territory, and was only staying on account of this trial. And it was also admitted that the case had been continued at the October term, 1883, on a similar motion by the defendant, and that there were numerous witnesses from a distance in attendance for the plaintiff. Yet the circuit court overruled the motion for continuance, and the defendant excepted, and on his motion the court certified the evidence.

The trial then took place, and resulted in a judgment in favor of the plaintiff for $609.25 and his costs. To this judgment a writ of error and *supersedeas* was obtained by the defendant from one of the judges of this court.

. The rules regulating continuances of causes are well settled. The recognized doctrine is, that all motions for continuance are addressed to the sound judicial discretion of the court under the circumstances of the particular case. And this court will never reverse the judgment of an inferior court refusing to grant a continuance, unless the refusal was plainly erroneous. But when, as in this case, a witness for a party fails to appear at the time appointed for the trial, and such party shows that a subpœna for the witness has been returned executed, or, if not so returned, was delivered to the proper officer of the county or corporation in which the witness resides, a reasonable time before the day for the trial, and shall swear or otherwise show the evidence of the witness is material, and that he cannot safely go to trial without his testimony, a continuance ought to be granted. In other words, the party making the motion under such circumstances, is said to bring himself within the rule, and is entitled to a continuance. *Hewitt's Case,* 17 Gratt. 627; *Walton's Case,* 32 Gratt. 858; *Keesee, Clark and als.* v. *B. G. Bank,* 77 Va. 132.

The fact that the absent witness, if material, who has been duly summoned to appear at the trial, is a party plaintiff or defendant in the suit, cannot prejudicially affect the motion for continuance, unless the court has good grounds to doubt the fairness of the motives of the party moving for the continuance, and to suspect that the object of the motion is mere delay. And in such event, the court may enquire further into the materiality of the witness, require the party to state what he expects to prove by the absent witness, and even send an officer with a rule, or an attachment, if a rule has previously been served, for the absent witness, whether he be a party, who has been summoned as a witness, or any other witness. *Harman* v. *Howe,* 27 Gratt. 677.

The ground whereon the plaintiff below, the defendant in

error here, resisted the motion for the continuance was that the evidence evinced that the defendant below, the plaintiff in error here, was trying "to delay or evade the trial, and had no real intention to prepare for it."

If the court below considered that there was any ground for such belief, it was the duty of the court to send an officer with a rule, or an attachment, as might be appropriate, for the defendant, before trying the cause. It is evident to the court here that the defendant below, the plaintiff in error here, did clearly bring himself within the settled rule for a continuance, and that the refusal to grant it, under the circumstances, was plainly erroneous. Therefore, the judgment complained of must be reversed and annulled, and the cause remanded to the said circuit court of Richmond county, for further proceedings to be had therein according to law.

JUDGMENT REVERSED.