MOJXTCUEE), P.,
delivered the opinion of the court:
A motion for a continuance is addressed to the sound discretion of the court, under all the circumstances of the case; and though an appellate court will supervise the action of an inferior court on such a motion, it will not reverse a judgment on that ground, unless such action was plainly erroneous. As a general rule, where a witness for a party fails to appear at the time appointed for the trial, if such party show that a subpoena for the witness has been returned executed, or, if not so returned, was delivered to the proper officer of the county or corporation in which the witness resides, a reasonable time before the time for the trial, and shall swear that the witness is material, and that he cannot safely go to trial without his testimony, a continuance ought to be granted. 1 Rob. Pr. old ed. p. 250. The party thus shows, prima facie, that he is not ready for trial, though he has used due diligence to be so ; and in the absence of anything to *show the contrary, the court ought to give him credit for honesty of intention and to continue the case, if there be reasonable ground to believe that the attendant of the witness at the next term of the court can be secured, especially if the case has not been before continued for the same cause. But circumstances may satisfy the court that the real purpose of the party in moving for a continuance is to delay or evade the trial, and not to prepare for it, and in such case, of course, the motion ought to be overruled.
In this case a motion for a continuance was made by the defendant in the court below, on the ground of the absence of two material witnesses, Downes and Hurley; and he exhibited, in support of the motion, his own affidavit, stating in due form the materiality of the witnesses, and that he could not safely go to trial without their testimony. It was admitted that a subpoena had been regularly issued for said witnesses (directed no doubt to the sheriff of Bedford county, in which the prosecution was pending, though the fact is not so stated in the record), and served on the said Downes a short time before he left the state for Baltimore, where he resided, and returned “not found” as to Hurley. A subpoena for Hurley had been sent to Eichmond and returned “not found,” with a memorandum made by the officer at the foot of his return in these words: “This man has been discharged from Castle Thunder, and don’t know where he has gone. T. U. D., Sgt. ’ ’ Hurley was known to have been in Eichmond a short time before the subpoena was sent there. He had resided in Liberty (the county seat of Bedford, in which county the offence was charged to have been committed) till the winter of 1863-4, when he was arrested by the military authorities and sent to Castle Thunder at Eichmond. It was also admitted that the defendant Hewitt was in Liberty on the morning of the day on which *the motion was made, and that he left in the cars going we affidavit bore date two days before the court commenced. The court refused to continue the case, and ruled the defendant into trial, ‘ ‘because, ’ ’ as stated in the bill of exceptions, “the court was of opinion that the defendant was attempting to evade a trial by absenting himself from court, so as to prevent a personal examination in open court, on his motion for a continuance.” The case was then tried, and the jury found the defendant guilty and assessed his fine at $2,000, for which and the costs of the prosecution the court rendered judgment.
The offence for which the defendant was tried was an assault and battery on Eowland D. Buford, which would appear from the amount of the fine to have been an aggravated offence; though as the fine may have been, and probably was, assessed in Confederate currency, we cannot well estimate its true amount in good money. The indictment was found on the 25th of April, 1863, and though found on the testimony of Buford on whom the offence was charged to have been committed, yet it appears that he was not a voluntary prosecutor, but was called on by the grand jury to give evidence. When the indictment was found, a summons was awarded to answer it, returnable to the next term. But on a succeeding day of the same term, to wit, on the 1st of May, 1863, on the motion of the attorney for the commonwealth and for reasons appearing to the court, it was ordered that writs of capias be awarded against the defendant, directed to the sheriff of every county and sergeant of every corporation in the state, returnable to the next term. One of these writs, directed to the sergeant of the city of Lynch-burg, was executed on the defendant in that city on the 22d of September, 1863, when he entered into a recognizance with surety for his appearance on the *first day of the next term of the court, which was to be in a few days thereafter. As stated in the petition, there was no session of the court at the time fixed for that term, nor until the following spring term in 1864, to which time the defendants’ recognizance stood over by operation of law, and it bound him for his appearance then as if it had been taken with express condition therefor. Code, ch. 161, $ 15. Instead of making his appearance then, in discharge of his recognizance, and although he was in Liberty, the county seat of Bedford, on the morning of the day on which the case was called for trial, yet he left in the cars going west on the same morning (for what place bound, or on what business does not appear), leaving his affidavit aforesaid to be used as the ground-work of a motion for a continuance. Under these circumstances we cannot saj’’ that the court was not warranted in the opinion, “that the defendant was attempting to evade a trial by absenting himself from court, so as to prevent a personal examination in open court on his motion for a continuance.” And certainly we cannot say that the court plainly erred in refusing to continue the case.
Judgment affirmed: but without damages.