# CHARLESTON.

## DAVIS & MOORE v. WALKER.

### March 2, 1874.

A motion for a continuance is addressed to the sound discretion of the court, under all the circumstances of the case; and, although an appellate court will supervise the action of the court, on such a motion, it will not reverse a judgment, on that ground, unless such action is plainly erroneous.

1874.
January Term.

Writ of error and supersedeas to a judgment of the circuit court of Kanawha county, rendered on the 26th day of May, 1873, in a suit therein pending, wherein Davis & Moore were plaintiffs, and Henry S. Walker, was defendant. The case was brought here by the defendant Walker. The only question involved in the case was as to the correctness of the decision of the court below, overruling the motion of the defendant for a continuance. The facts upon which the motion was based, were set out in two several bills of exception taken to the ruling of the court and sufficiently appear in the opinion of this Court.

The Hon. Joseph Smith, judge of said circuit court, presided at the trial below.

*Laidley & Hogeman*, for the appellant.

*Thomas B. Swann* and *Mollohan & Nash*, for the appellees.

HAYMOND, President:

This is an action of trespass on the case in assumpsit, brought by the plaintiffs against the defendant, in the circuit court of the county of Kanawha. The declaration

in the cause was filed on the —— day of ——, 1872. On the 29th day of March, 1872, the defendant appeared in court, to the action, and filed a general demurrer to the declaration, in which the plaintiff joined and the defendant pleaded *non assumpsit* and payment and set off on, each of which pleas issue was regularly joined. The defendant also filed an account with his pleas of payment and set off, but the account does not appear in the record. On the 30th day of March, 1872, the cause was continued, on motion of the defendant and at his costs. Afterwards, at another term of the court, held on the 26th day of July, 1873, the cause was again continued on motion of defendant and at his costs. At the October term of the court, held in 1872, the cause was continued generally. On the 26th day of May, 1873, plaintiffs and defendant appeared in court, and the demurrer filed to the declaration was overruled. The defendant, by leave of the court, withdrew his plea of sets off and specifications filed therewith, and a jury was duly empanelled and sworn to try the issues joined, and found a verdict in favor of the plaintiffs for $428.04, and the court gave judgment therefor against defendant. On the trial of the cause, the defendant, by his attorney, excepted to certain rulings and orders of the court made in the cause, which exceptions, being two in number, were signed, sealed and made part of the record.

The cause is before us upon a writ of *supersedeas*. From bill of exceptions, No. 1., it appears that when the cause was called for trial the defendant moved the court to continue the same at his costs; and in support of his motion, read to the court his affidavit, which is, in substance, that Lewis Baker is a material witness for him in the cause; that he has been duly summoned therein as a witness to this term; that he cannot prove by any other witness what he expects to prove by Baker; that said Baker is not in attendance, although after receiving the subpœna, he sent word that he would be in attendance. This affidavit was sworn to, on the day of the trial,

in Kanawha county. The defendant also proved, in sup-port of his said motion, that a subpœna had been sent to the witness Baker, by the defendant, by mail, and that the said witness had acknowledged receiving said subpœna, and had telegraphed the defendant that he would attend the court. The defendant also proved that the witness Baker had sent him word that he would be at the court on the Friday previous. But it was proved to the court that the case had been continued at two former terms of the court, on the motion of the defendant, and each time on account of the absence of the witness Baker, who though summoned, had, at each of said two terms failed to attend ; and that the defendant had, for each non-attendance, at said two former terms of the court, taken no rule or attachment against said witness to compel his attendance. It was also proved that the witness Baker resided in the city of Wheeling, county of Ohio, in this State; and the city of Wheeling was agreed and admitted to be more than one hundred miles distant from the place of holding the court, and that the defendant had taken no steps to procure the deposition of said witness. The defendant also proved that he had been advised, by his counsel, that it was important to have Baker's personal appearance on the trial. Upon this state of facts, the court overruled defendant's motion for a continuance and directed a jury to be empanneled, and the trial of the cause to proceed. The only question presented by this bill of exception is, did the court, under the circumstances stated, err in refusing to grant the defendant the continuance asked for. "When a witness for either party fails to appear at the time appointed for the trial, if such party show that a *subpœna* for the witness has been returned executed, or that a subpœna was delivered to the proper officer of the county or corporation in which the witness resides, a reasonable time before the commencement of the term, and shall swear that the witness is material, and that he cannot safely go to trial.

57

without his testimony, the court will generally grant a continuance to the party at his costs." 1 Rob. Prac., (old) 250. In the case of *Fiott v. the Commonwealth*, 12 Gratt. 576, judge Allen, in delivering the opinion of the court says : "Applications for continuances are addressed to the discretion of the court, and much must be left to the tribunal which has the parties before it, and must determine, from a variety of circumstances occurring in its presence, whether applications for continuances are made in good faith or are merely intended to protract the controversy : And even when made in good faith a reasonable degree of diligence should be exacted. The opposite party should not be kept in court and exposed to the risk of losing his testimony 'by the negligence of the other side.'" In the case of *Hewitt v. The Commonwealth*, 17 Gratt. 627, it was held "that a notice for a continuance is addressed to the sound discretion of the court, under all the circumstances of the case ; and although an appellate court will supervise the action of an inferior court on such motion, it will not reverse a judgment, on that ground, unless such action was plainly erroneous. And that, as a general rule, where a witness for a party fails to appear at the time appointed for the trial, if such party show that a subpœna for the witness has been returned executed, or, if not so returned, was delivered to the proper officer of the county or corporation in which the witness resides, a reasonable time before the time of trial, and shall swear that the witness is material, and that he cannot safely go to trial without his testimony, a continuance ought to be granted, if there be reasonable ground to believe that the attendance of the witness at the next term can be secured ; especially if the case has not been before continued for the same cause." Courts of justice are maintained at great cost by the public for the convenience and benefit of suitors, or for the adjustment of controversies between men. And it is but reasonable and proper, ordinarily, that persons having suits in court shall be held to the exercise of reasonable diligence by

the courts, in prosecuting or defending their suits. In order that suitors may be able to get ready for trial, at the time for which their causes are set, they are given access to the process of the court to summon and compel the attendance of their witnesses. But if the suitor expects the indulgence of the court, he must be diligent in the use of its process. He must, generally, have exercised such diligence in the use of the process of the court, as will authorize the court, if the witness is not in attendance when the cause is called for trial, to take the legal course to compel the attendance of the witness. If the suitor is negligent and inattentive in this respect he cannot expect indulgence at the hands of the court. He must not simply rely upon the witness as to his attendance, especially where he has been in default, by disobeying the process of the court, but he can only safely rely upon the diligent and proper use of the process of the court in proper time. Justice to the public, and even to the suitors, demands, ordinarily, that reasonable diligence should be required of suitors in preparing for the trial of their causes. It is sometimes difficult to procure the attendance of witnesses, by the exercise of proper diligence, and sometimes it is very expensive to do so. To meet and obviate these difficulties and obstacles, the law has provided, in civil cases, that where the witness is not a resident of the State, or resides within the State, more than one hundred miles from the place of trial, and even in a different county from the place of trial, that the deposition of the witness may be taken and read as evidence, and, ordinarily, though perhaps not universally, in actions of account, the deposition of the witness accomplishes every purpose to be attained by his personal presence. In the case before us the witness Baker, though duly summoned to attend at the previous terms, failed to obey the process of the court, and by reason of his absence, the court granted the defendant, on his motion, a continuance each time; still the defendant took no steps, whatever, on either of these occasions, to compel

*1874.
January Term.*

*Davis & Moore
v.
Walker.*

the attendance of the witness in the future.    The defendant, before the trial, caused a subpœna to be issued for Baker to attend court as a witness in his behalf, but instead of sending the subpœna to an officer, or other person, in Ohio county, to be executed and so returned, he inclosed the subpœna in a letter, sent by mail, to Baker himself.    How long this was done before court does not appear, and it does not appear that the subpœna was ever served, otherwise than that Baker acknowledged receiving it, and had telegraphed the defendant that he would attend the court at that term.    From this it is clear that the defendant, without any sufficient reason, in point of law, trusted and relied, alone, upon Baker's willingness or convenience to attend the court as a witness, and not on the power and efficacy of process of law to compel his attendance.    When the case was called for trial, defendant did not show to the court that the subpœna had been duly executed on Baker, and ask for a rule against him for disobeying the process of the court, but simply, upon the facts stated, as shown by the bill of exceptions taken to the opinion of the court refusing the continuance, asked the court to continue the cause.    He did not take, or attempt to take, Baker's deposition in the cause, although he had ample time to have done so.    True, the defendant proved that he had been advised by his counsel that it was important to have Baker's personal appearance at the trial.    If defendant deemed it important to have the personal presence of Baker at the trial, instead of his deposition, it was his duty to have exercised reasonable diligence to have procured his attendance.    The judge of the circuit court was of opinion, under the circumstances stated, that the defendant had not exercised reasonable diligence to procure the attendance of the witness Baker; and, according to the law, as settled by the cases above cited, we do not feel authorized or justified to declare that the judgment of the circuit court, in this respect was, or is, plainly erroneous.    In cases of this kind we are not authorized to revise the judgment of the court

below, except we are satisfied that the judgment is plainly erroneous.

The bill of exceptions No. 2, is taken to the opinion of the court overruling the motion of the defendant, made after verdict, for a new trial. The motion made for a new trial is not because the verdict is contrary to the law and evidence, or because of the discovery of new and material evidence since the trial, but because the court did not continue the cause, when it was called for trial, on account of the absence of the witness Baker. The defendant, in his affidavit filed in support of his motion for a new trial states some facts that were not proved to the court on the motion for a new trial, but no sufficient reason is shown why these facts were not proved to the court on the motion for continuance; and if they had been proved they do not materially change the case from what it was on the motion for continuance; all the other facts that appear by bill of exceptions No. 1, appear in bill of exceptions No. 2. Under the circumstances, as they appear by the record, and the law as applicable to those circumstances, we do not feel authorized to decide that the court below erred in overruling the defendant's motion for a new trial. If we were to reverse the judgment complained of, under the circumstances appearing in this case, we would establish a precedent which would most certainly exercise a pernicious influence upon the administration of justice in the inferior courts, and inflict a great injury upon the public.

It was not insisted before us that the court erred in overruling the demurrer to the declaration. But we have examined the declaration, and do not see that the court below erred in its judgment in this respect.

For these reasons the judgment of the court below must be affirmed with costs in this court and $30 damages in favor of the appellees.

The other Judges concurred.

JUDGMENT AFFIRMED