CHRISTIAN, J.,
delivered the opinion of the court.
The record in this case discloses the following facts: In December, 1874, Hon. Geo. W. Easley was elected by the legislature judge of the county courts of the counties of Bland and Giles. He was commissioned by the governor on the J3th day of December, 1874. In the month of December, 1879, the Hon. Robert Wylie was elected by the legislature county judge of the same counties, and was commissioned by the governor *on the 30th December. 1879. Under this latter commission Judge Wylie qualified, and proceeded to hold the county'courts of Giles and Bland without any claim upon the part of Judge Easley that he was entitled to the office until the following April; and Judge Easley, during that time, was a practicing attorney in the county courts of Giles and Bland. At the April term of the county court of Giles county, Judge Easley (who up to that time had set up no claim to the office, though present when Judge Wylie opened his first court) appeared in the county court of Giles and offered a protest in the following words, which was spread upon the records of that court:
“In Giles County Court, 20th April, 1880. “Be it remembered, that on this day Robert Wylie, claiming to be the rightful judge of the county court of this county and of the county of Bland, took the bench, and was proceeding with the opening of the court; whereupon, George W. Easley appeared in person, and suggested that on the - day of December, 1874, he was duly elected judge of the county courts of Bland and Giles *496 counties, and was commissioned as such by the governor of the State of Virginia on the - day of December, 1874, as appears by the said commission and the order of qualification; that by virtue of said election, commission and qualification he is advised that he is now the rightful judge of said courts, and demanded of .the said Robert Wylie, now sitting as judge, that he should vacate the position now claimed by him as judge of said courts, desist from his éffort and proceeding to open said court, and permit him, the said George W. Easley, without further interruption to enter at once upon the discharge of the duties of said office, which he, the said George W. Easley, claims he is entitled to under the law as *settled by a decision of the supreme court of appeals of this State in a case recently decided by said court; and that the said Eas-ley presented no other authority for assuming the bench than, the above statement of facts, which demand was refused; and thereupon the said Geo. W. Easley protested against the said Robert Wylie assuming to discharge the duties of judge of said court; but the said Wylie, claiming to be the rightful judge, proceeded to open and hold said court, and the said protest is, on application of said Easley, spread upon the record.”
It is further shown by the record, that on the 3d day of May, 1880, the said George W. Easley filed his petition in the circuit court of Bland county, in which, after setting forth the grounds of his claim to the office of judge of the county court for the counties of Giles and Bland, he prayed that a rule should be issued against the said Robert Wylie to appear before said court and show cause why leave should not be given him to file an information in the nature of a writ of quo warranto at the relation of petitioner, to determine and test their respective rights in the premises to said office.
Upon regular proceedings taken upon this petition, and upon “facts agreed” at the bar, it was adjudged and so ordered by the circuit court, “that the said Geo. W. Easley is entitled to the office of judge of the county courts of Giles and Bland counties, and to discharge the duties and receive the emoluments thereof; and that the said Robert Wylie did intrude into, before the filing of petitioner’s petition, and now occupies said office, against the wishes and to the prejudice of the rights of said Geo. W. Easley; and now occupies and holds the same contrary to law; and that the said Robert Wylie be ousted and removed from said of- and that the said Geo. W. Easley be restored thereto: *and that writ issue upon this judgment to. remove and •oust said Wylie from, and to reinstate and restore said Easley to said office.” And it was further ordered, “that the said Geo. W. Easley recover of the said Robert Wylie his costs in and about 'this action.”
To this judgment a writ of error was awarded by one of the judges of this court.
Four grounds of error are assigned here, to this judgment, all of which will be noticed- — -but not in the order of assignment in the petition.
For convenience they may be stated as follows:
1st. “That the circuit court erred in refusing a continuance of the respondent’s case.”
3d., “That the circuit court had no jurisdiction to hear and determine the case.”
3d. “That the commission of said Easley on jts face invested him (only) with the remainder of the term of office of Judge P. W. Thacker which expired on the 31st December, 1879.”
4th. “That conceding the said Easley’s commission to have been unexpired at the beginning of petitioner’s term, yet the agreed facts show a total forfeiture and abandonment of said office by acquiescence in and recognition of, petitioner as the rightful judge; also by qualifying as an attorney and practicing as such in both petitioner’s said courts, a position, trust or office wholly incompatible with his now pretended judgeship, and is one of the means by which the office might have been forfeited and terminated.”
As to the first error assigned, to-wit, that the circuit court refused to grant a continuance of respondent’s case, it is sufficient to remark, that it has been repeatedly declared by this court, that a motion for a continuance is a motion addressed to the sound discretion of the court of trial under all the circumstances of the case; and though an appellate court will supervise the *action of an inferior court on such a motion, it will not reverse a judgment on that ground, unless such action is plainly erroneous. Hewett v. Commonwealth, 17 Gratt. 627; Roussell’s case, 38 Gratt. 930.
We cannot say that the action of the circuit court in this case, .in refusing to continue the case on motion of respondent was plainly erroneous. On the contrary there was a manifest propriety under the circumstances, that there should be a prompt and speedy trial of the question involved. It was a question, to test the title to the office of county judge. It was important to the interests of the community and to the proper administration of public justice that this question should be promptly and speedily adjudicated, in order that it might be known and determined who was the lawful and rightful judge of the county court of the counties of Giles and Bland. The only ground- of continuance urged was that the counsel for respondent had not time to consult authorities and prepare for his defence. This was no valid excuse, especially in this case, where the precise question raised by the pleadings had been recently determined and definitely settled by this court.
The court is therefore of opinion that the circuit court did not err in overruling the motion of the respondent for a continuance.
The second ground of error as to the jurisdiction of the court is not well taken.
The writ of quo warranto is a common law writ, never abolished by statute, and still exists in Virginia. The jurisdiction of the courts on proceedings by writ of quo warranto *497 or by information in the nature of a writ of quo warranto, was fully recognized by this court in the recent case of Royall v. Thomas, 38 Graft. 130.
It was objected however that in this case the information was not filed by the Commonwealth, but that the proceedings were all had upon petition filed by *Easley. Now the record shows, that the very careful and accurate judge of the circuit court, upon considering said pietition and answer of respondent Wylie, directed that an information should be filed; but Wylie by his counsel waived in open court the filing of any information. But for this waiver, no doubt, an information in proper form, in the name of the Commonwealth would have been filed at once. Having waived it in the court below he cannot be heard to say, in the appellate court, that the proceedings were irregular because the information was not filed.
3d. The third ground of error assigned, to-wit: “That Easley was elected to fill an unexpired term, and that his term of office therefore expired on the 31st December, 1879,” is not well taken.
The identical question raised by this assignment of error was decided by this court in the Prince William County Judge Case, in April last, at Richmond, and not yet reported. in which it was held that all judges elected to fill vacancies, hold their offices for the full constitutional term, and not for unexpired terms of their predecessors. It is not necessary or proper to enter again upon the discussion of this question. Tt is sufficient to refer to the able and exhaustive opinion of Judge Staples in that case as conclusive of this case. It perfectly covers the case before us, and must rule it. Indeed, it is admitted by the learned counsel for the plaintiff in error that the decision of the Prince William Judge Case is conclusive of this case; but they rely mainly on the 4th assignment of error, which will now be considered.
4. The fourth assignment of error, to-wit: That Easley had abandoned and forfeited his office of county judge of Giles and Bland by becoming an attorney and practitioner at the bar of those courts is also not well taken, and cannot be sustained.
*An office is determined proprio vigore by resignation, expiration of term, and removal by competent authority. But in other cases the office is not determined ipso facto by the occurrence of the cause. There must be a judgment of amotion after a judicial ascertainment of the fact; which may be by indictment or information, by writ of quo warranto, or by impeachment. See 3 Minor’s Inst., p. 37, and authorities there cited. But it has been held by this court and by the supreme court of the United States that an attorney-at-law is not an officer, so that the argument of the learned counsel for the plaintiff in error and the authorities cited by him as to the incompatibility of the two offices has no application in this case.
In the case before us if proper proceedings had been taken against Judge Easley because he held “the incompatible trust or office of attorney” as charged, there never could have been upon the facts of the case a judgment of amotion. He neither forfeited nor abandoned his office by failing to protest at once against the incompetency of Wylie or by becoming an attorney and practitioner in his court. He simply yielded for the time to the executive and legislative construction of the Constitution. But as soon as the court of appeals had given its construction to the provision of the Constitution he promptly asserted his rights and maintained them in accordance with that construction. Certainly no court under the circumstances could have rendered a judgment of amotion.
Upon the whole case we are of opinion that there is no error in the judgment of the circuit court and that the same must be affirmed.
Judgment affirmed.