APPERSON

*v.*

CABELL, TRUSTEE, &c.

(*Supreme Court of Appeals of Virginia, December, 1883.*)

[Virginia Law Journal, 1883, p. 81.]

**Pleading and Practice—Motion for Continuance—Discretion of Court.**

A motion for a continuance is addressed to the sound discretion of the court, under all the circumstances of the case, and the action of the court upon such a motion will not be disturbed by an appellate court unless it is plainly erroneous. *Vide* Commonwealth *v.* Mister, 8 V. L. J. 50.

**Pleading and Practice—Motion for Continuance—Case at Bar.**

A bill was filed at April rules, and at the following May rules the defendant filed his answer, and the clerk put the case on the docket *ex mero motu*; the plaintiff took the deposition of one witness, which at the instance of the defendant was taken during the term of the court, which met during the month of May; when the case was called at the same term the plaintiff moved for a continuance, upon the ground that he had not had time to take evidence to sustain his case and he filed an affidavit setting out the facts. The court overruled the motion and dismissed the bill: *held*, the action of the court was plainly erroneous, and the decree must be reversed.

Appeal from circuit court of Buckingham.

Bill in equity by Sterling N. Apperson against Wm. M. Cabell, trustee, and others, to enforce the satisfaction of

*See monographic note on "Continuances" appended to Harman *v.* Howe, 27 Gratt. 676.

certain judgments held by said Apperson as assignee of one Staples out of certain lands held by said Cabell as trustee, upon which it was claimed the said judgments were liens.

The facts are sufficiently stated in the opinion.

*R. T. Hubard*, for the appellant.

*W. M. Cabell, Guy & Gilliam* and *Woodfin*, for the appellee.

LACY, J., delivered the opinion of the court.

This is an appeal from the circuit court of Buckingham county, rendered at the May term, 1879.

There are three assignments of error in this case, but in the view we take of the case it is necessary to pass on only one.

This suit was instituted at the April rules 1879, by the appellant, against Wm. M. Cabell, trustee for Mildred K. Cabell, his wife, the said William M. Cabell in his own right, and Mildred K. Cabell, his wife, Walter Staples and L. C. Moseley, sheriff, and as such administrator of Grandian Moseley, deceased. At the May rules Wm. M. Cabell, trustee, filed his answer; no other defendants answered. The plaintiff took the deposition of one witness, and the next term of the circuit court of Buckingham coming in in the same month, at the request of the defendant the said deposition was taken in term, and the case having been placed on the docket by the clerk without the direction of the plaintiff, the case was called in court for trial, when the plaintiff stated to the court that he was not ready for trial, had not taken his testimony, that the answer had been filed less than one month, that he had not caused the case to be set for hearing, though under the 49th section of chapter 167 of the Code he had the right to do so upon his bill being taken for

confessed or upon the answer of the defendant or a general replication thereto, because he was not ready to try the case ; that the answer contained scandalous matter to which he wished to except ; that upon purging the answer of its impurities and irrelevancies he wished to take further testimony to sustain the case on his part; that under the said section the defendant could not have the cause set for hearing under four months, which time had not elapsed, only part of one month having elapsed, and moved the court to continue the case, and filed affidavit of the said facts in due form. But the court decided to try the case then, when it is entered in record that the counsel for the plaintiff withdrew from the case and left the plaintiff unrepresented by counsel. Whereupon the court dismissed the plaintiff's bill with costs, by decree entered the same day.

From this decree the plaintiff applied to this court for an appeal which was awarded by one of the judges of this court, July 14th, 1881.

The question of continuance is the only one we deem it necessary to consider in this case. A motion for continuance is generally addressed to the sound discretion of the court, under all the circumstances of the case and although an appellate court will supervise the action of an inferior court on such a motion, it will not reverse a judgment on that ground unless such action was plainly erroneous. But when a continuance has been improperly refused, and any party aggrieved thereby brings the case to this court upon appeal, the case will be for that cause reversed. Hewitt v. The Commonwealth, 17 Gratt. 627; Taylor v. Peck, 21 Gratt. 11; Russel's Case, 28 Gratt. 930; 33 Gratt. 443; 12 Gratt. 564.

The usual and proper construction, we think, of the statute cited above, 49th section, chapter 167, is that the plaintiff is entitled to have his cause set for hearing, after his

bill has been taken for confessed at rules or answer filed, and that the clerk in the absence of direction from the plaintiff gives him the benefit of this law when the pleadings have reached that stage at the rules ; it could not be held to be necessary to keep a case at rules after it was there matured.

But the cause having been set for hearing and being upon the docket of the court, under the circumstances of this case the circuit court erred in overruling the motion of the plaintiff for a continuance.

The only deposition which had been taken had been delayed at the motion of the defendant to the term ; the plaintiff makes affidavit or one is made for him that he has other testimony material to his case, and the fact relied upon by the defendant, the appellee here, that this witness did not make out his case for the appellant constitutes no ground to refuse him an opportunity to take other testimony and mature his case, especially when we bear in mind that this was the first calling of the case which was a chancery cause and had been instituted the preceding month.

We are of opinion to reverse the decree of the circuit court and to remand the cause for further proceedings to be had therein.

Decree reversed.