# 𝕽𝖎𝖈𝖍𝖒𝖔𝖓𝖉.

## THE COMMONWEALTH V. MISTER & ALS.

### March 16, 1884.

1. PRACTICE AT COMMON LAW—*Continuances.*—Motions for continuance are addressed to the court's discretion, and its refusal, unless plainly wrong, will not be reversed. Case here of a plainly right refusal.
2. IDEM—*Civil proceedings—Appeals.*—Where parties have been convicted under act of March 6th, 1880 (Acts 1879–80, page 197), for violating the oyster laws, and the vessels employed therein have been forfeited and sold under order of court, and the proceeds remain under the court's control, and other parties entitled to those proceeds, petition therefor, the proceedings are not criminal, but civil; and from a judgment in favor of the petitioners, the commonwealth is entitled to an appeal for errors under Code 1873, chapter 178, section 3: provided the amount in controversy exceeds the minimum jurisdictional sum.
3. IDEM—*Issue.*—Where this court has directed the court below to empanel a jury to try an issue, it suffices that the issue tried substantially accords with that directed by this court.
4. IDEM—*Evidence—Irrelevant—Instructions.*—Where such issue is whether or not such petitioners owned the forfeited vessels at the time of the violations of said act, whereof the parties were convicted, the record of the conviction of those parties is irrelevant to that issue and inadmissible as evidence at the trial. And so, likewise are all instructions which are predicated on that conviction. But an instruction is proper, which tells the jury to find for the petitioners, if, from the evidence, they believe the petitioners owned the vessels at the time of the violation of the act, and that no employment of said vessels in illegal oyster catching shall be considered by the jury in determining their verdict.

Error to judgments of circuit court of Mathews county, rendered in April, 1883, in the cases of *David R. Mister* v. *The Commonwealth of Virginia, Thomas Johnson* v. *The Same,*

*Thomas R. Chandler* v. *The Same, John P. L. & W. H. A. Hopkins* v. *The Same,* and *George W. & Henry F. Powell* v. *The Same,* heard together, the facts and rulings being the same in all the cases, which are sequels to *Boggs & als.* v. *The Commonwealth,* 76 Va. R. 989.

E. O. Kellam and others had been convicted of feloniously catching oysters with dredges, and for employing certain vessels in the commission of these offences. Without any notice to the owners of the vessels, the latter had been condemned and sold, the proceeds placed in bank subject to the order of the court. Those owners subsequently filed petitions to have these proceeds paid over to them; but the petitions were denied, and the petitioners appealed to this court, which reversed the orders of denial, and remanded the cases to the circuit court, to have at its bar the issues tried by a jury, whether or not the said vessels were, at the time of the commission of the offences, owned in whole or in part by the petitioners, and if so owned, then that the said proceeds be paid over accordingly. The issues were decided in favor of the petitioners, and the commonwealth obtained writs of error and *supersedeas.* The opinion states the case.

*Attorney-General F. S. Blair,* for the commonwealth.

*John Neeley, J. B. Donavan, Robert McCandlish,* for the defendants in error.

Insisted that:

This court has no jurisdiction in either the Johnson or the Chandler case:

1. Because of amount involved. C. V., chapter 178, section 3.

2. Because they are criminal proceedings, *not* under revenue laws. Acts 1877–8, page 346; 2 Va. Cas. 202; 76 Va. 998; Id. 1002; 9 Pet. 682; 1 Bish. Cr. Law, 992. This ground applies to *all* the cases.

As to errors assigned:

1. Motion to continue. See 17 Gratt. 627; 28 Id. 930; 15 Id. 381.

2. As to *all* the other assignments of error see *Campbell's Ex'ors* v. *Campbell's Ex'ors*, 22 Gratt. 649; 2 Call, 376; 5 Id. 115; 3 Munf. 227; 6 Leigh, 399; 9 Id. 262; 5 Cranch, 314; 1 Wheat. 355; 12 Id. 53; 12 Pet. 492; 15 How. 466; 16 Id. 103; 20 How. 481; 17 Wall. 253; 4 Otto, 499; 7 Otto, 361; 21 Gratt. 822; 29 Id. 546; 20 Id. 31. Acts of Assembly, 1869, chapter 171, page 228.

As to mortgage from Johnson to Powell, see 1 Chitty's Crim. Law, 735; Bac. Ab. Tit. Forf. D. E., 13 Gratt. 615.

LEWIS, P., delivered the opinion of the court:

These cases have once before been brought to this court, and are reported under the style of *Boggs and others* v. *The Commonwealth*, 76 Virginia, 989. In each case the judgment of the circuit court was reversed, and the cases remanded for further proceedings. In the order of reversal in each case is the following: "And it appearing that an order for the sale of the vessel in the indictment and petition mentioned has been entered in said circuit court, and the proceeds are therefore under the control of that court, it is therefore ordered that this cause be remanded to said circuit court, there to be proceeded with upon the petition of the plaintiff in error, and an opportunity be afforded him of showing title to said vessel; and to that end that a jury be empanelled, if desired by either of the parties; and if upon such writ or other proceeding it shall appear that the plaintiff in error had title to said vessel, or any part thereof, or had such title at the time of the finding of the said indictment, the said circuit court is directed to order the payment of the proceeds of the sale to the plaintiff in error," &c. At the trial, after the cases went back to the cir-

cuit court, the commonwealth demanding a jury, an issue was made up in the case of *Mister* v. *The Commonwealth* (a like issue being made up in each of the other cases) to try the question "whether the petitioner, David R. Mister, had title to the vessel, 'George W. Croswell,' or any part thereof, or had he such title at the time of finding the indictment against William Kellam and others on the 13th day of March, 1882 ; and, if so, what part had he, and to what part of the vessel?" Upon this issue the jury returned a verdict as follows: "We, the jury, find that the petitioner, David R. Mister, had title to, and was the owner of one-half of the vessel, 'George W. Croswell,' at the time of the finding of the indictment against William Kellam and others, to wit: on the 13th day of March, 1882; and we further find that he had such title, and was such half owner before and at the time of the commission of the offence charged in said indictment." Upon this verdict judgment was entered that "the said David R. Mister is entitled to one-half of the proceeds of sale of the said schooner, 'George W. Croswell,' and the interest which has accrued thereon subject to any proper charges." And it was further ordered that out of the proceeds of the sale of the said schooner, which had been deposited in bank subject to the order of the court, payment be made to the said David R. Mister of the sum ascertained to be due him on account of his interest in the said schooner at the time of her seizure and sale. And it was further ordered that out of the same fund payment be made of a debt due Mister & Miles, amounting to the sum of $40.93 with interest, in discharge of a lien on the said schooner in their favor.

To this judgment, and to similar judgments in the other cases, the commonwealth has been allowed writ of error and *supersedeas.*

The defendants in error now move to dismiss the cases on the ground that the proceedings, being in their nature criminal, there is no right of appeal on the part of the commonwealth. And

if this be not so, they insist that the motion must be granted in respect to the cases of Chandler and Johnson, as in neither is the matter in controversy of the value of $500.

Upon the first ground, the motion must be overruled. With respect to the defendants in error, who were petitioners in the court below, the proceedings in their nature are not criminal, but civil. They were not proceeded against by indictment for the violations of law for which the parties in charge of the vessels when captured were indicted and convicted. As to them, the controversy began upon the filing of their respective petitions asserting their claims to the proceeds of the sales of the vessels, which, by orders made in the criminal cases, had been condemned and sold. Those proceeds not having passed beyond the control of the court were subject to its order, and by the order of this court were directed to be paid to the petitioners, if upon the trial of the issue directed to be made up and tried their claims were established. By the filing of their petitions the petitioners did not become technically parties to the indictments or to the criminal proceedings, but only claimants of a fund then in court, and subject to its order. And while strictly the proceeding is not a suit against the state, it is, nevertheless, of a civil character, prosecuted to recover a fund claimed by the state, and one which it was competent for the court to entertain. *The Siren,* 7 Wall. 152; *McCandlish* v. *The Commonwealth,* 76 Va. 1005; *Boggs* v. *The Commonwealth,* Id. 1001. The cases are, therefore, properly here, except the cases against Chandler and Johnson, in neither of which does the matter in controversy amount to the value of $500; and as to them, the motion to dismiss must be granted. Code 1873, chapter 178, section 3.

1. Proceeding, then, to consider the errors assigned in their order, we are of opinion, first, that the circuit court did not err in refusing to grant a continuance of the cases on the motion of the attorney for the commonwealth. The following are the

grounds, as set forth in the bill of exceptions, upon which the motion was based—viz : " That this is the first term of the circuit court of Mathews since the decision of the court of appeals was certified to this court, and was received by the clerk of this court on the 8th day of January, 1883 (three months before the term at which the cases were tried); that no legal notice had been given to the attorney for the commonwealth that this case had been decided by the court of appeals, and that a trial would be asked for at this time ; that the allegations in the petition of the plaintiff filed in the county court could be controverted, if at all, by witnesses residing elsewhere than in Mathews county ; that the custom-house at which the schooner of the plaintiff was said to have been enrolled was located at Onancock, Accomac county, Virginia, and that it was important to examine the records of the said custom-house to investigate the title to the vessel of the plaintiff, and that the attorney for the commonwealth had not had the opportunity or time to make such an investigation." "But," the bill of exceptions further states, " it not appearing to the court from the statements of the commonwealth's attorney that he knew of or had summoned any witnesses whose evidence would be material, or that the records in the said custom-house would afford material evidence for the commonwealth, or that he had made any effort to prepare for trial, or that he had been prevented by sufficient cause from making such effort, the court overruled said motion ; and the attorney for the commonwealth further stated that he had not been able to obtain the opinion of the court of appeals in the case "

It has often been decided by this court that a motion for a continuance is addressed to the sound discretion of the court under all the circumstances of the case, and that the action of the court upon such a motion will not be disturbed by an appellate court, unless the same is *plainly* erroneous. *Hewitt* v. *The Commonwealth,* 17 Gratt. 627 ; *Roussel's Case,* 28 Id. 930.

In this case the action of the court in overruling the motion for a continuance was plainly right, as the motion was unsupported by any sufficient ground whatever.

2. The second error assigned is, that the court erred in submitting the issue to the jury in the form in which it was made up and presented. The form of the issue was substantially the same in all the cases. In the case of *Mister* v. *The Commonwealth*, the jury were directed to inquire whether the petitioner had title to the vessel "George W. Croswell," or any part thereof, or had he such title at the time of the finding of the indictment against William Kellam and others on the 13th day of March, 1882, and if so, what part had he, and to what part of the vessel. The form thus adopted is in substantial and almost literal accordance with the form in which the issue was directed by the order of this court to be framed, and the second assignment is not well taken.

3. The third error assigned is the refusal of the court to admit as evidence before the jury the records in the cases of *The Commonwealth* v. *Kellam and others*, indicted parties. As the sole issue to be tried in each case was, whether the petitioner had title to the vessel at the time the indictment was found, it is plain that the evidence afforded by the records sought to be introduced was not relevant to the issue to be tried, and that it was properly excluded, apart from the fact that the petitioners were not parties to those records.

It may be true that the order entered by this court, prescribing the form of the issue to be tried, is not in accordance with the views of the court as set forth in the opinion of the court and filed with the record, yet no application having been made to change or modify it within the time allowed by law, it was binding and conclusive not only upon the parties and the circuit court, but now upon this court also. The circuit court, therefore, did not err in excluding the records in question; and the third assignment of error is not well taken.

4. The subject of the fourth and fifth assignments of error is the refusal of the court to give to the jury two instructions asked for by the attorney for the commonwealth. They are as follows : *First.* "If the jury shall believe from the evidence that the schooner, 'George W. Croswell,' was on the 17th day of February, 1882, employed and used by her captain and master, William Kellam, in the unlawful taking and catching of oysters with an instrument, called a dredge, in the waters of the commonwealth, to wit: in the waters of the Chesapeake bay, near Gwynn's island, in the county of Mathews, and that the said William Kellam, captain and master as aforesaid, was the agent of the petitioner, David R. Mister, and that the said William Kellam, captain and master as aforesaid, had been duly convicted of the unlawful dredging of oysters on board of said vessel, then they must find for the commonwealth." *Second.* " If the jury shall believe from the evidence that the schooner, ' George W. Croswell,' was, on the 17th day of February, 1882, employed and used by her captain and master, William Kellam, in the unlawful taking and catching of oysters with an instrument, called a dredge, in the waters of the Chesapeake bay, near Gwynn's island, in the county of Mathews, and that such unlawful dredging was by and with the consent, knowledge, or under the direction of David R. Mister, the plaintiff; and if they shall further believe from the evidence that the said William Kellam, captain and master as aforesaid, has been duly convicted of said offence, then they must find for the commonwealth." For reasons already given, the instructions asked for were not relevant to the issue to be tried, and were therefore properly refused. The simple, narrow issue was, whether or not the petitioner had title to the vessel at the time the indictment was found, not whether the vessel had been used with the connivance, or with the assent, express or implied, of the petitioner in the unlawful taking of oysters with dredges. The latter inquiry was excluded by the terms of the order of this

court, and in obedience to that order the circuit court was directed to proceed in the cases when they were remanded for trial to that court.

6. For the same reasons the court did not err in giving to the jury the following instruction at the instance of the plaintiff: " If the jury believe from the evidence that David R. Mister was the half owner of the schooner, 'George W. Croswell,' on the 13th day of March, 1882, and before the commission of the offence, they shall so find by their verdict, and in determining this question, any employment of said schooner in the illegal taking or catching of oysters is not to be considered by the jury."

7. The court did not err in refusing to set aside the verdict as contrary to the law and the evidence. The facts proved, as certified, show that the vessel in question was purchased by the petitioner of one William T. Hollard, of Somerset county, Maryland ; that the vessel was duly enrolled under the laws of the United States, and that afterwards the petitioner sold one-half interest therein to William T. Kellam, and that at the date of the indictment against the latter the petitioner was a half owner, and the managing owner of the vessel, and that Kellam owned a like interest therein, and was the master in charge thereof. Upon these facts the jury returned a verdict for the petitioner, and the court properly refused to set it aside.

8. The court did not err in allowing the petition of Mister & Miles to be filed, in which they averred that they had a lien on the vessel "George W. Croswell," to secure the payment of a certain debt due them, and prayed that the same be paid out of the proceeds of the sale of the vessel. Those proceeds, as already stated, were under the control of the court, and subject to its order, and it was competent for the court to make such disposition of the fund as was in accordance with the rights of parties whose claims thereto, or to any part of it, were duly established. See authorities referred to above.

And for the same reasons the court did not err in admitting as evidence upon the trial of the issue in the case of Powell & Brother, the mortgage duly executed by George W. Johnson in favor of the petitioners, George W. and Henry F. Powell, upon the schooner "Alice and Anna." That mortgage was a valid and subsisting lien on the said schooner, and was executed prior to the commission of the offence for which the said Johnson was indicted and convicted. Hence the sale of the vessel which was condemned as forfeited to the commonwealth by reasons of the violations of law for which Johnson was convicted, was made subject to the rights of the said mortgagees; and the court properly entertained their petition and ordered payment of the debt secured by the mortgage out of the proceeds of the sale of the schooner, which were under the control of the court.

For the foregoing reasons the cases of Chandler and Johnson must be dismissed for want of jurisdiction, and the judgments in the other cases affirmed.

CHANDLER'S AND JOHNSON'S CASES DISMISSED.

MISTER'S, POWELL'S AND HOPKINS' CASES AFFIRMED.