96　489
101　350

96　489
103　654

96　489
106　822

96　489
107　916

## 𝔕𝔦𝔠𝔥𝔪𝔬𝔫𝔡.

### HITE v. COMMONWEALTH.

#### DECEMBER 1, 1898.

Absent, Riely, J.

1. CONTINUANCE—*Discretion.*—A motion for a continuance is addressed to the sound discretion of the trial court, under all the circumstances of the case, and, though its action is subject to review by the appellate court, it will not be reversed, unless plainly erroneous.

2. CONFESSIONS—*When may be Given in Evidence.*—A confession may be given in evidence if it appears that it was not obtained by some inducement of a worldly or temporal character, in the nature of a threat or promise of benefit held out to the accused in respect to his escape from the consequences of his offence, or the mitigation of the punishment, by a person in authority, or with the apparent sanction of such a person.

3. MURDER—*Provocation—Malice — Presumption—Burden of Proof.* — If a wound, resulting in death, be inflicted by a prisoner, with a deadly weapon previously in his possession, without any or upon very slight provocation, the *prima facie* presumption is that the killing was willful, deliberate, and premeditated, and the burden of proving extenuating circumstances is cast upon the prisoner.

4. APPEAL AND ERROR—*Exceptions must Point Out Errors.*—This court will not consider an exception to the action of a trial court in giving instructions of its own in lieu of those offered by a party, unless the exception points out the error in the action of the trial court.

5. INSANITY—*Burden of Proof.*—The burden of proving insanity in a criminal prosecution is on the prisoner. If the evidence is of such character as merely to produce a doubt on the minds of the jury as to the prisoner's sanity, it is not sufficient to establish that defence.

6. JURORS—*Objection to Competency of, after Verdict—Waiver.*—An objection to a juror because he is under the age of twenty-one years comes too late after verdict. The objection, though good if raised in time, must be deemed to have been waived.

7. HOMICIDE—*Drunkenness as an Excuse for Crime.*—If an accused was not so much under the influence of liquor at the time of the commission

of an offence as not to know what he was doing, or not to know right from wrong, it is immaterial that he has been accustomed to drink heavily for years, and was drinking at that time.

Error to a judgment of the County Court of Mecklenburg county rendered May 21, 1898, sentencing the plaintiff in error to be hanged.

*Affirmed.*

The facts sufficiently appear in the opinion of the court. The instructions offered by the prisoner and refused are as follows:

"Murder is the deliberate and premeditated killing of a rational creature in being. Premeditation and deliberation are necessary ingredients of the crime, and though the jury may believe from the evidence that the prisoner did kill William Bowers on the 26th of April, 1898, in the county of Mecklenburg, yet if upon review of all the facts and circumstances detailed before them in court from the witness stand, they entertain any reasonable doubt as to whether such killing was done with and upon premeditation and deliberation they cannot find him guilty of murder."

### Instruction No. 2.

"Though the jury may believe that the prisoner did shoot and kill William Bowers on 26th of April, as charged in the indictment, without provocation and through reckless wickedness of heart, yet if they further believe from the evidence that, at the time of the deed, his mental condition from intoxication was such as to render him incapable of doing a willful, deliberate, and premeditated act they cannot find him guilty of murder of first degree."

### Instruction No. 3.

"Though the jury believe from the evidence that the prisoner did shoot and kill William Bowers, as charged,

still they cannot find him guilty of murder of the first degree unless they further believe beyond a reasonable doubt that such killing was done willfully, premeditatedly, and deliberately. Malice aforethought is the prime element of murder of this degree, and before they convict of murder of this degree they must be satisfied beyond a reasonable doubt that the shooting was done maliciously."

### Instruction No. 4.

"When a man loses control of his mental faculties from habits of drinking as from any other cause, he is entitled to legal protection, and the extent to which he has approached such condition of mind determines the degree of his guilt and the consequent measure of his punishment, and, in determining the status of the mind of the prisoner at the time of the commission of an offence, the jury should consider his previous habits of drinking, and if, upon the whole evidence as detailed by the witnesses, there be any reasonable doubt as to whether there was premeditation and deliberation the prisoner cannot be found guilty of murder of the first degree."

The instructions given by the court in lieu of the foregoing offered by the prisoner, are as follows:

### 1st.

"That every homicide is in law presumed to be murder of second degree."

### 2nd.

"That if the jury believe from the evidence that Hite killed Bowers in the manner charged in the indictment (willfully, deliberately, and premeditatedly) then they will find Hite guilty of murder in the first degree."

### 3rd.

"That if the jury believe from the evidence that said killing

was done by Hite as charged in the indictment, not willfully, deliberately, and premeditatedly but with malice, they will find him guilty of murder in second degree."

### 4th.

"That if the jury believe from evidence that Hite killed Bowers, as charged in the indictment, and, at the time of such killing, Hite was under the influence of liquor voluntarily taken by him, then said intoxication so produced is in law no excuse for the act done by Hite, unless they believe from the evidence that such intoxication was such as did in fact deprive him at time of killing of the mental capacity to form a malicious purpose to kill, in which event, they will find Hite only guilty of manslaughter."

### 5th.

"If the jury believe from the evidence that Hite was an insane man at the time of killing (that is, he did not possess reason enough to know right from wrong, or if he knew had not the power to control or restrain his actions), they will find him not guilty of any offence, though such insanity was the result of previous drunkenness."

### 6th.

"Before the jury can, however, acquit Hite on the ground of insanity, they must believe from the evidence that he was insane at the time of the killing, and it is not sufficient that the evidence should be of such a character only as to produce doubt on their minds as to his insanity, but the *onus probandi* is on Hite to prove such insanity to their (the jury's) satisfaction."

### 7th.

"If the jury have a reasonable doubt from all the evidence in the case as to any fact necessary to convict Hite, or have a reasonable doubt (upon all the evidence) as to his guilt, they

will acquit him. If, however, they believe from the evidence, beyond a reasonable doubt, that he is guilty, but have a reasonable doubt as to the grade of offence he is guilty of (that is of murder of either degree, or manslaughter, voluntary or involuntary) then they can only find him guilty of offence of the lower grade."

To the action of the court in refusing to give the four instructions asked for by the prisoner, and in giving the seven instructions given by the court to the jury, the prisoner excepted.

*Charles T. Reekes*, for the plaintiff in error.

*Attorney-General A. J. Montague*, for the Commonwealth.

BUCHANAN, J., delivered the opinion of the court.

A motion for a continuance is addressed to the sound discretion of the court, under all the circumstances of the case; and, whilst an appellate court will supervise the action of the trial court on such motion, it will not reverse unless such action was plainly erroneous.

This is the rule as laid down in *Hewitt's Case*, 17 Gratt. 627, and it has been uniformly adhered to by this court. *Russell's Case*, 28 Gratt. 930; *Mister's Case*, 79 Va. 9; and 4 Minor's Inst. (4th Ed.) 1077 and cases cited.

The record does not show that the action of the court in refusing to continue the case was plainly erroneous.

There is nothing to show that the defendant did not have a fair and impartial trial, that he did not have all persons present as witnesses who knew anything that was favorable to him, or that his counsel did not make as good a defence for him as he could have done if his case had been continued.

Neither did the court err in permitting the witness Moody to give in evidence the statement of the accused as to his reason for killing the deceased. It is true that Moody was a justice

of the peace, and that this statement was made in reply to a question from him, but it was not made under circumstances which rendered it inadmissible in evidence. It appears that after the preliminary examination, Moody, who was not the acting justice of the peace on that occasion, asked the defendant what made him kill the deceased, and that he (the defendant), without any inducement whatever, gave the answer which was admitted in evidence over his objection. The rule is that a confession may be given in evidence if it appears that it was not obtained from the party by some inducement of a worldly or temporal character in the nature of a threat or promise of benefit, held out to him in respect of his escape from the consequences of the offence, or the mitigation of the punishment, by a person in authority, or with the apparent sanction of such a person. *Smith's Case*, 10 Gratt. 734, 739; *Thompson's Case*, 20 Gratt. 724.

The evidence objected to was clearly admissible.

The court instructed the jury, upon the motion of the attorney for the Commonwealth, that if they believed " from the evidence that William Bowers came to his death by a wound, as charged in the indictment, inflicted by George Hite, with a deadly weapon previously in the possession of the said Hite, without any or upon very slight provocation, it is *prima facie* willful, deliberate, and premeditated killing, and throws upon the accused the necessity of proving extenuating circumstances." The giving of this instruction is assigned as error.

It is not claimed that that instruction does not state the law correctly, where the evidence tends to prove the facts upon which it is based, but the contention is that it was not applicable to the facts of this case. The evidence tends to show that the deceased came to his death from a wound inflicted by the defendant with a deadly weapon previously in his possession, without the slightest provocation. The instruction was, therefore, peculiarly applicable to the facts of the case, and was properly given.

The court refused the instructions asked for by the defendant, and gave other instructions in lieu thereof. The refusal to give the defendant's instructions, and the giving of its own by the court, is assigned as error, but in what the error consisted is not pointed out. Ordinarily such an assignment of error would not be considered by the court, for it is the duty of counsel who assigns error to specifically point it out, but as this is a case involving the life of the defendant, we have carefully examined the instructions rejected and given, and are of the opinion that the defendant was not injured by the action of the court, as the instructions given by the court in lieu of those offered by him, instructed the jury upon all points covered by the instructions asked for by him, and contained no error to his prejudice.

The action of the court in overruling the defendant's motion in arrest of judgment upon the ground that one of the jurors who tried the case was under the age of twenty-one years, and was therefore incompetent under the constitution and laws of the State, is assigned as error.

If objection had been made to that juror at the proper time, the court ought to, and doubtless would, have rejected him, as he was clearly not a competent juror. But the objection came too late.

*Poindexter's Case*, reported in 33 Gratt. 766, 791, &c., is conclusive of this question. In that case two of the jurors had not paid their capitation tax, and were therefore incompetent jurors under the constitution and laws of the State, as they were at that time, but no objection was made to the competency of the jurors until after verdict, and it was held in that case that the objection came too late. Moncure, P., who delivered the opinion of the court, said, in discussing the question: "If he (the defendant) did not know whether they had paid their capitation taxes of the preceding year and cared about availing himself of any such ground of objection, if it existed, he could easily have enquired into it, of them or other-

wise, before they were sworn, and then acted accordingly, but he made no such enquiry, doubtless because he cared nothing about it, or preferred to have the benefit of the objection, if he could make it, in the event of a verdict against him. By the Code [1873], ch. 158, sec. 20 (Code 1887, sec. 3155), it is provided that ' no exception shall be allowed against any juror. after he is sworn upon the jury on account of his age, or other legal disability, unless by leave of the court.' The principle of this section is applicable alike to civil and criminal cases. [Now it is so by statute. Pollard's Supplement to the Code, sec. 408.] Certainly no exception can be allowed after verdict. It matters not whether the ground of exception be constitutional or legal. In either case it may be given up by the party entitled to the benefit thereof. And if not made before verdict, it will be considered as having been given up."

It may be true, as counsel argue, that a party cannot be said to waive a disability which he has no knowledge of, but there is another principle of law applicable to a case like this, and that is, that negligent ignorance operates against a party to the same extent as actual knowledge, and he ought not therefore to be permitted to have the verdict of a jury set aside by urging a ground of challenge to a juror, which but for his negligence he might have discovered and urged at the proper time.

Neither did the court err in refusing to set aside the verdict of the jury on the ground that it was contrary to the law and the evidence.

The evidence showed that the defendant shot and killed the deceased, without the slightest provocation. When asked why he had killed the deceased he replied that the deceased said " that he was not afraid of his shooting him, and I be damned if any negro shall say that to me." No one would claim that the negro's statement was any provocation at all, much less an excuse for taking his life. The effort to show that the defendant was not responsible for his acts wholly failed. The evidence does show that for many years he had

been accustomed to drink heavily at times, and was drinking at the time the offense was committed, but it also shows that he was not under the influence of liquor on that occasion to such extent that he did not know what he was doing, or that he did not know right from wrong.

The verdict of the jury was manifestly right under the law and the evidence, and the judgment must be affirmed.

*Affirmed.*