Burks, J.
On the 11th day of October 1876 Arne *933 lia Roussell (the plaintiff in error) was tried in the -corporation court of the city of Norfolk, on an indictment for grand larceny. The jury found her guilty, fixed the term of her imprisonment in the penitentiary at five years; and she was sentenced by the court accordingly.
When the case was called for trial, she by her counsel moved the court for a continuance of the cause, on the ground of the absence of a witness. The court overruled the motion, and she excepted.
The single question presented for the consideration of this court upon the writ of error is, whether the court below erred in overruling the prisoner’s motion for a continuance.
In support of her motion, she proved by her counsel that the witness on account of whose absence the motion was made, was George T. Clarke, of the county of Surry, Virginia; that the counsel bad conversed with the witness on the subject of his testimony; that it was material to the defence of the prisoner, and that she expected to prove by said Clarke that M. Goulard, the prosecutor and main witness for the commonwealth (whose goods she was charged in the indictment with having stolen), was unworthy of belief; and that Goulard had disposed of a part, if not the whole of the goods charged to have been stolen, prior to the time at which it was alleged that the prisoner had committed the larceny thereof. In addition to this statement of her counsel, she made an affidavit to the same effect, and further, that she could not safely go to trial in the absence of the witness.
It appears by the record that she was indicted in the corporation court of Norfolk, on the 4th day of October 1875. So that twelve months intervened between the finding of the indictment and her trial and convic *934 tion thereunder. By the direction of her counsel, sL subpoena for the witness Clarke was issued on the 80th day'of September, four days before she was indicted,, addressed to the sheriff of Surry, and returnable on the 7th day of October following. It was not executed; the sheriff making return that it came to hand “too late to execute.” The case was continued to the November term following. Previous to that term, to wit, on the 19th of October, the prisoner’s counsel caused two subpoenas to be issued for Clarke, one of which was mailed' to the sheriff of Surry, and the other was mailed to Clarke himself, both returnable to the November term of the court; but no return was-ever made of either.
At the November term, to wit, on the 4th day of November, a rule was made against Clarke, returnable to the 10th day of the same month; to which rule the sheriff of Surry made return, that it “ came to hand 15th November, too late to execute.”
The court learning that Clarke was a member of the Virginia legislature, continued the case to the April' term following (1876). The clerk issued a subpoena for Clarke, but by mistake made it returnable to March instead of to the April term. The subpoena was executed, but nothing was done in the case at the April term. At the June term, it is stated in the bill of exceptions, but no copy of any order of the court at that term appears in the record, that Clarke was present and that the case was continued “on the motion of the commonwealth, and not upon the motion of the prisoner.” At the July term the case was continued for the commonwealth, on account of “the illness of an important witness for the commonwealth.”
Whether the witness, Clarke, was in attendance at the July term does not appear. The case was eon *935 tinued at that term to the October term following (1876). When the case was called for trial at the October term, to wit, on the 2nd day of October, the witness, Clarke, was not in attendance, and it appeared that he had not been summoned to attend, that no process had issued requiring his attendance, and none had been ordered to be issued; “the prisoner’s counsel relying,” as stated in the bill of exceptions, “upon what was the habit of the clerks of other courts to regularly issue subpoenas in all cases, when once an order had been given, to every term of the court in which the case was docketed, without further directions.” The bill then proceeds as follows: “that on the 2nd day of October, 1876, upon the calling of the case for trial, the said witness Clarke being absent, not having been summoned, and no direction having been given to the cjerk since the first calling of the ease, on motion, the court continued the case, in order to get said witness present, to the 9th day of October 1876. That then and there the prisoner, through her counsel, caused another subpcena to be issued for said witness, Clarke, returnable to the 9th day of October 1876; that the clerk of said court did issue said subpcena, and sent it by the first mail (the next morning) directed to the sheriff of Surry county, that said subpcena was not returned in time for the trial, nor did the witness appear.”
“A motion for a continuance,” says Judge Moncure, delivering the opinion of the court in Hewitt v. Commonwealth, 17 Gratt. 627, 629, “is addressed to the sound discretion of the court, under all the circumstances of the case; and though an appellate court will supervise the action of an inferior court on Buch a motion, it will not reverse a judgment on that ground, unless such action is plainly erroneous.”
*936 Was the action of the corporation court in refusing the continuance in this case under all the circumstances “plainly erroneous?” I cannot think so. Although the case was pending in court for twelve months, it does not appear that a subpoena was ever served upon the witness Clarke but once, and then the subpoena was returnable to the wrong term of the coui’t; nor does it appear that he was ever in attendance except at one term, (June), and it does not appear that he had been summoned to that term. Surely, under the circumstances disclosed by the record, after the case had been continued from the July term to the October term following, it behooved the prisoner to use diligence in preparing for trial at that term. And yet no summons was issued for the witness whose testimony was deemed of such great importance to the prisoner on the trial, and no steps whatever were taken to secure his attendance. The only excuse offered for this omission, was, that the prisoner’s counsel relied upon the habit of the clerks of other courts, when a subpoena for a witness had once been ordered in a case, to continue to issue it afterwards from term to term until trial, without further directions. This is not a valid excuse. After the delay, which had occurred, special efforts should have been made to secure the attendance of this witness. Instead of that, no effort was made at all. It cannot be said that she was prevented from making such efforts by confinement in jail: for she was at large on bail the greater part of the time after she was indicted, and during the whole of the time from the July term till the October term following at which she was tried. When the case, therefore, was called for trial on the 2nd day of October, 1876, it would not have been error if the court had proceeded at once with the trial'in the absence of the witness. *937 But the court, out of mere indulgence, doubtless, to the prisoner, and to enable her still to secure the attendance of Clarke at the trial, postponed it till ■ another day of the term, the 9th day of October. After this had been done, it was not the exercise of ■due diligence on the part of the prisoner merely to cause a subpoena for the witness to be sent through the mail into another county to a sheriff who on two previous occasions in the same case had made return on process “not time to execute,” and at other times had not returned the process at all. The prisoner could not have known that the subpoena thus sent would have reached the sheriff in time to be executed by him, if it reached him at all. Under the circumstances, some other more certain mode should have been adopted to have the subpoena served, or at least placed in due time in the sheriff’s hands for service.
The affidavit of the prisoner, that Clarke was a material witness, and that she expected to prove by him certain facts, should, under the circumstances, have further stated, if true, that she could not prove the same facts by any other witness present at the trial.
The counsel for the prisoner, in his printed note of argument, cites in support of his assignment of error the case of Gwatkin v. Commonwealth, 10 Leigh 687. That case was essentially different from the one we are now considering. There it was shown that the absent witness had been duly summoned, that his testimony was material, that facts material to the defence could be proved by him which could not be proved by any other witness, and that the witness was probably prevented from attending by his sickness. The certificate of the judge in the bill of exceptions in this case that the evidence on the trial (which was made a part of the record) was of “a circumstantial nature and *938 conflicting,” can have no controlling influence in de- ° termining the propriety of the action of the court in refusing to grant the continuance.
S I ana of opinion that there is no error in the judgment of the corporation court of the city of Norfolk,, and that the said judgment should be affirmed.
Moncure, P., and Christian and Staples, Js., concurred in the opinion of Burks, J.
Anderson, J., dissented.
Judgment aeeirmed.