Moncure, P.,
delivered the opinion of the court.
This is a writ of error to a judgment of the county court of Fauquier county, convicting the plaintiff in error of the larceny of three beef cattle, of the value each of thirty dollars, amounting in the whole to ninety dollars, awarded by a judge of this court after an application by the said plaintiff for such a writ had been denied by the judge of the circuit court of said oounty in vacation.
The principal question presented to this court for its decision in the case is, whether the county court erred in overruling the motion of the said plaintiff in error—the defendant in the county court—for a continuance; which motion was made on the calling of the case for its final trial in the said court.
The facts on which the said motion was founded, and the action of the said court upon it, are set out in bill of exceptions No. 1, which was made a part of the record in the case on the said trial, and is in these words:
“ Be it remembered, that on the calling of this case the defendant, by his counsel, moved the court to continue this case on the grounds of the absence of James K. Purcell and C. W. Hazen, whom the prisoner, on oath, declared were important and material witnesses to his defence, and *857 that he could not safely go into trial without them ; the subpoenas for said witnesses having been duly issued from the clerk’s office of the county court of Fauquier to sheriff of the county of Prince William, the county in which said witnesses reside, and said sheriff having received said subpoenas, and returned the same not executed for want of fees.
“ Whereupon the court overruled said motion for a continuance, and at the same time announced that it would send for said witnesses, and that they should be examined if they made their appearance at any time before the case was given to the jury—the said witnesses having been sent for by the court, the process having been put into the hands of-Francis to deliver to the deputy sheriff of Prince William county, but said messenger has not returned, nor has there been any return on said subpoenas. “To which action of the court, overruling said motion of continuance, the said defendant excepted, and prays that this his bill of exceptions may be signed and enrolled.
“W. H. Gaines, Judge”
The only other question presented to this court for its decision in the case is, whether the county court erred in overruling the motion of the said defendant to set aside the verdict of the jury and grant a new trial, as appears from bill of exceptions No. 2, which was also made a part of the record in the case on the said trial, and is in these words: .
“ Be it remembered, that upon the rendition of verdict in this cause, the prisoner, being present in court, by his counsel, moved the court to set aside the verdict and grant him a new trial, upon the grounds set forth in bill of exceptions No. 1, and for other reasons appearing upon the record, and the additional fact that J. B. Purcell, one of said witnesses, appeared in court after the rendition of the *858 verdict, and when he could not be examined, the trial having ended; which motion of the prisoner to grant a new trial the court overruled; to which action of the court the prisoner excepts, and prays that this his bill of exceptions may be signed; which is accordingly done.
“f. H. Gaines, Judge.”
1st. Did the county court err in overruling the defendant’s said motion for a continuance, mentioned in his said bill of exceptions No. 1 ?
The rule of law on the subject of a motion for a continuance is thus laid down in the unanimous opinion of this court in Hewitt’s case, 17 Gratt. 627, 629: “A motion for a continuance is addressed to the sound discretion of the court, under all the circumstances of the case; and though an appellate court will supervise the action of an inferior court on such a motion, it will not reverse a judgment on that ground unless such action was plainly erroneous. As a general rule, where a witness for a party fails to appear at the time appointed for the trial, if such party show that a subpoena for the witness has been returned executed, or, if not so returned, was delivered to the proper officer of the county or corporation in which the witness resides, a reasonable time before the time for the trial, and shall swear that the witness is material, and that he cannot safely go to trial without his testimony, a continuance ought to be granted. 1 Rob. Pr., old ed., p. 250. The party thus shows, prima facie, that he is not ready for trial, though he has used due diligence to be so; and in the absence of anything to show the contrary, the court ought to give him credit for honesty of intention, and to continue the case, if there be reasonable ground to believe that the attendance of the witness, at the next term of the court, can be secured, especially if the case has not been before continued for the same cause. But circumstances may satisfy the court that the real purpose of the party in *859 moving for a continuance is to delay or evade the trial, and not to prepare for it, and in such case, of course, the motion ought to be overruled.”
Was not the defendant entitled to a continuance on grounds stated in his said bill of exceptions No. 1, when he made his motion therefor, according to the rule laid ■down on the subject as aforesaid ?
The court is of opinion that he was. He showed, at the time of making said motion, that a subpoena for his said witnesses, James K. Purcell and C. W. Hazen, who failed to appear at the time appointed for the trial, was delivered to the proper officer of the county in which the said witnesses resided—to wit: the county of Prince William—■ a reasonable time before the time for the trial; which officer, instead of duly executing the same, as he doubtless might have done, improperly returned it, “ not executed for want of fees.” He made oath, at the time of making «aid motion, that the said witnesses were material to his •defence, and that he could not safely go to trial without their testimony. He thus showed, prima facie, that he was not ready for trial, although he had used due diligence to be so; and, according to the rule aforesaid, in the absence of anything to show the contrary, the court ought to have given him credit for honesty of intention, and to have continued the case, if there was reasonable ground to believe that the attendance of the said witnesses, at the next term of the court, could be secured, especially if the case had not been before continued for the same cause. There was certainly reasonable ground to believe that the attendance of the said witnesses, at the next term of the court, could be secured. The attendance of one of them, James E. Purcell, was actually secured during the same term at which the case was tried, but after the trial, when of course it was too late for his examination as a witness on said trial. Certainly the case had not been before continued for the same cause; that is, the non-attendance of the said two witnesses, or either of them.
*860 ^ *s ^rue ^at, according to the said rule, “a motion for a continuance is addressed to the sound discretion of the under all the circumstances of the case; and though an appellate court will supervise the action of an inferior x r ... court on such a motion, it will not reverse a judgment on that ground, unless such action was plainly erroneous.” “But circumstances may satisfy the court that the real purpose of the party, in moving for a continuance, is to delay or evade the trial, and not to prepare for it; and in such case, of course, the motion ought to be overruled.” The circumstances of this case, in our opinion, were not. such as to satisfy the court, and did not satisfy the court, that the real purpose of the party, in moving for a continuance, was to delay or evade the trial, and not to prepare-for it.
The indictment in the case was found on the 28th day of May, 1877, and the case was formally tried, or, rather, the final trial was ended, on the 27th day of May, 1878;. so that the case was pending in the county court just a year. During that comparatively brief period, the case-was four times tried. Twice there was a verdict against the accused; and twice the jury could not agree, and a juror was withdrawn, and the case continued. The case was several times continued generally, or on the motion of the commonwealth, but never on the motion of the defendant, though he twice moved for a continuance. A new-trial was granted to the defendant when the first verdict was found against him, and was doubtless granted because-the court did not consider the verdict as sustained by the-evidence. If James ft. Purcell was examined as a witness for the defendant on the trial in which the said verdict was rendered, as was no doubt the case, the court might have relied, in part at least, upon his evidence as a ground for setting the verdict aside. If he was not so examined, his evidence would doubtless have made the case stronger for the defendant than it was without his evidence. So that, *861 in either view, the defendant no doubt desired, in moving . . ° for a continuance as aforesaid, not to delay or evade the trial, but to prepare for it by securing the presence of said witnesses on that occasion.
The defendant was first required to enter into a recognizance of bail in the penalty of $3,000, with sureties in a like or large amount, which amounts were continued for some time during the progress of the case. But afterwards, pending the prosecution, the penalty was reduced from $3,000 to $500, and then to $100, at which last very small amount it remained for some months before the decision of the case in the court below. This certainly tends to show that the court’s opinion of the case became more favorable to the defendant as it progressed and as the facts were more fully developed by the successive trials which occurred in it. The defendant continued to appear according to his recognizances of bail without regard to the amount of them, whether very large or very small; •and on the only occasion on which he made default, he showed such good reasons for it as induced the court to ■excuse him, and spare his recognizance.
On the 8th day of May, 1878, pending the last trial of the case in the court below, on motion of the attorney for the commonwealth, an attachment, returnable before the said court on the next day, was awarded against P. H. Oliver, a witness on her behalf in the case. And on the ■same day, pending the said trial, on motion of the defendant, by counsel, an attachment, returnable before the. said ■court on the next day, was awarded against Theron Newman, James B. Purcell, and C. W. Hazen, witnesses in his behalf in the case. And on the next day—to wit: the 9th ■day of May, 1878—before the trial was ended, the attachment issued the day before against P. H. Oliver, an absent witness for the commonwealth in the said case, was returned duly executed, and he was no doubt examined as a witness in the case. But the attachment issued on the same day *862 against three witnesses in behalf of the defendant as ° aforesaid was not returned duly executed before a verdict rendered in the case, although the said J. R. Purcell, one 0f saj(l witnesses, appeared in court after the ren- , ’ dition of the verdict and before judgment was pronounced thereon. When the court overruled the defendant’s motion for a continuance, as stated in his said bill of exceptions No. 1, it announced that it would send for said witnesses, and that they should be examined if they made their appearance at any time before the case was given to the jury. The said witnesses having been sent for by the court, the process having been put into the hands of-Francis to deliver to the deputy sheriff of Prince William county, but said messenger had not returned when said bill of exceptions was taken, nor had there been any return on said subpoenas. It appears, however, from bill of exceptions No. 2, that the said J. E. Purcell, one of said witnesses, appeared in court after the rendition of the verdict, and when he could not be examined, the trial having ended. But though he could not be examined on the trial which was then ended, he might have been examined on a new trial, which could then have been granted, and ought to have been under the circumstances.
In the vacation order made in the case by the learned judge of the circuit court June 17th, 1878, he says:
“In this case, prisoner was indicted at May term of county court of Fauquier. There were several continuances and three trials between that time and April court, 1878. At that time prisoner moved for continuance, on account of absence of witnesses; court overruled motion, and set case for May 8th. On that day prisoner again moved for continuance, and made affidavit as to materiality of witnesses. There is no other evidence of materiality. The prisoner, it seems, was out on bail, and had, therefore, every opportunity of preparing for trial. As to second *863 bill of exceptions, asking new trial, J. R. Purcell, one of the witnesses, was then present, and .his affidavit as to what he could prove might have been put on record, to court to judge of his materiality. This was not done. There is no statement of facts or evidence. I think writ of error should be refused. Roussell’s case, 28 Gratt. 930.
“James Keith.”
The defendant had complied with the requisition of the rule of law on the subject of continuances, by causing a subpoena for the witness in question to be delivered to the proper officer of the county in which he resided a reasonable time before the time for the trial, and swearing that the witness was material, and that he could not safely go to trial without his testimony. If the court doubted the materiality of the witness, notwithstanding the said oath of the defendant, the court itself might and ought to have examined the witness as to what he could prove in the case. That it did not do so confirms the view that it had no doubt or difficulty on that subject. In fact, the court, in overruling the defendant’s motion for a continuance on the ground of the absence of his said witnesses, announced that “it would send for them, and they should be examined ^ if they made their appearance at any time before the case was given to the jury.” And the court actually did send for them, as aforesaid, but none of them appeared, except James R. Purcell, who appeared after the verdict was rendered, though before the case was ended. The absent witnesses all- resided in the adjoining county of Prince William, and their attendance—and certainly that of James B. Purcell—might have been enforced by the mandatory process of the court, then in session, in full time for his examination on the trial, which might have been delayed a day or two for the purpose, if necessary. And that course ought certainly to have been pursued, as the court overruled the defendant’s motion for a continuance to the next term of the court.
*864 As to Roussell's case, 28 Gratt. 930, cited by the judge of the circuit court in his vacation order aforesaid, it is materially unlike this case, as will plainly appear from the opinion of the court, delivered by Judge Burks, in that case, to which reference can readily be had, and there can be no occasion for repeating any of it here.
In Boussell’s case, as in this, the prosecution had been pending about a year, and the accused had been admitted to bail. In other respects the cases materially differed. In that ease there had been no trial during the year, and the witness on account of whose absence the continuance was asked for was not only not summoned to attend at the term at which the case was tried, but a subpoena for the witness to that term had not been placed in the hands of the sheriff of the county for execution, the only excuse of the accused for not doing so being, that it was “ the habit of the clerks of other courts when a subpoena for a witness had once been ordered in a case, to continue to issue it afterwards from term to term, until trial, without further directions.” This court was of opinion that this was not a valid excuse. In the present case, there had been three trials previously during the year, and the accused on a former occasion had sued out an attachment to enforce the appearance of the witness, and had placed in the hands of the sheriff of the county in which the witness resided a subpoena for him to attend the term at which he was finally tried, which the sheriff received in time to execute, but failed to do so. There are other material differences between the two cases, but it is not necessary to repeat them here.
Besides Hewitt’s case, and Roussell’s case, which have a material bearing on the subject of a motion for a continuance, the following cases were cited in the argument of this case, and have also a material bearing on the same subject, viz: Hook v. Nanny, &c., reported in note to 4 Hen. & Mun. p. 157; Higginbottom, &c. v. Chamberlayne, 4 Munf. *865 547; Deford v. Hayes, 6 Id. 390; Gwatkin v. Commonwealth, 10 Leigh, 687 ; Harris v. Harris, 2 Id. 584; and Harman v. Howe, 27 Gratt. 676.
Upon the whole, we are of opinion, for the reasons aforesaid, that the said judgment of the said county court is erroneous and ought to be reversed and annulled, the said verdict set aside and the cause remanded to the said county court for a new trial to be had therein.
The judgment was as follows:
The court is of opinion, for reasons stated in writing and filed with the record, that the said county court of Fauquier county erred in overruling the motion of the said plaintiff in error, James Walton, for a continuance of this case, as mentioned in his bill of' exceptions No. 1 ; and also in overruling the motion of the said plaintiff in error to set aside the verdict and grant him a new trial in the case as mentioned in his bill of exceptions No. 2; and that the said judgment of the said county court is therefore erroneous: therefore, it is considered, ordered and adjudged that the said judgment be reversed and annulled, that the verdict of the jury beset aside, and that the cause be remanded to the said county court of. Fauquier county, for a new trial to be had therein of the said plaintiff in ■error, James Walton, for the said felony, on the said indictment ; and for further proceedings, to be had in the said cause to a final judgment therein, in conformity with the opinion and judgment of this court aforesaid.
Which is ordered to be certified to the said county court of Fauquier county.
Judgment reversed.