# Richmond.

## WELCH v. COMMONWEALTH.

NOVEMBER 16th, 1893.

1. CRIMINAL PROCEEDINGS—*Continuances.*—For the principles on which continuances are granted in criminal cases see opinion of Lacy, J.
2. IDEM—*Case at bar.*—A days before trial a summons was issued and delivered to the sheriff for a witness residing in the same town. The summons was returned "not found." Defendant made affidavit to his materialty and that he could not safely go to trial without him. Trial court overruled the motion for continuance on the sole ground that the statements of the defendant under oath were not to be credited.

HELD:
  Error.

Error to judgment of corporation court of city of Norfolk, rendered March 7, 1893, whereby John Welsh, the plaintiff in error, was sentenced to confinement in the penitentiary for the period of seven years. Opinion states the case.

*John Neely,* for the plaintiff in error.

*Attorney-General R. Taylor Scott,* for commonwealth.

LACY, J., delivered the opinion of the court.

The plaintiff in error was indicted in the corporation court of Norfolk for grand larceny on the 7th day of March, 1893, and on the 24th day of the same month he was tried by a jury and convicted, and his term of imprisonment fixed at seven

years in the penitentiary. The accused moved the court to set aside the said verdict and grant to him a new trial; but the court overruled the motion and rendered judgment in accordance with the verdict, and the prisoner excepted. The prisoner thereupon brought the case here by writ of error. There were two exceptions taken by the plaintiff in error to the rulings of the court, which are assigned as error here. The first is that on the calling of the case the defendant moved the court to continue the case, on the ground of the absence of a witness wanted in his defence, and in support of the motion filed the following affidavit: "John Welsh, the defendant, being first duly sworn, says that upon the trial of the above-mentioned indictment he desires to introduce Sidney Hoffheimer as a witness in his behalf; that said Hoffheimer was present in the city of Norfolk at the time of the occurrences which constitute the subject of said indictment; that he is a material witness for the defendant, and can prove facts not within the knowledge of any other witness procurable by the defendant; that this defendant has caused to be issued subpœnas for the attendance of this witness, returnable to the first day of this term and to this day, directed to the sergeant of the city of Norfolk, which subpœnas have been returned 'Not found;' that the said witness has not been kept from attendance by the solicitation or procurement of this defendant, or by any connivance of his, and that he has used every effort in his power, in addition to the issuing of process as aforesaid, to secure his attendance." Subscribed and sworn to the same day. The court overruled this motion, and ordered the trial to proceed, and the defendant was found guilty by the jury, as stated above.

In support of his motion to set aside the verdict and grant him a new trial the defendant filed another affidavit, as follows: "John Welsh, the defendant, being first duly sworn, says that Sidney Hoffheimer, the witness mentioned by him in a previous affidavit, filed upon his motion for a continuance of this

case, is a resident of the city of Norfolk, and, as this defendant believes, is only temporarily out of the said city. This defendant believes that the attendance of the said Hoffheimer can be procured at the May term next of this court. He says that the said Hoffheimer was present at the time when and place where the larceny charged in the indictment is alleged to have been committed by this defendant, and this defendant verily believes from statements subsequently made by said Hoffheimer to him, will swear that this defendant did not commit the same." Subscribed and sworn to the 31st day of March, 1893. But the court refused to allow the said affidavit to be filed, or to consider the same in connection with said motion for a new trial, to which action and ruling of the court the prisoner again excepted, and filed his bill of exceptions. The defendant filed a third bill of exceptions to the action of the court in overruling his motion to set aside the verdict and grant to him a new trial. This is the whole case as it appears here; and the main question is whether the court below erred in refusing to continue the case, on the motion of the defendant, on account of the absence of a material witness.

The rule upon which the court proceeds in considering a motion for a continuance is well settled, and has often been the subject of decision in this court. In *Hewitt's Case*, 17 Gratt., 629, Judge Moncure said on this subject: "A motion for a continuance is addressed to the sound discretion of the court, under all the circumstances of the case; and though an appellate court will supervise the action of an inferior court on such a motion, it will not reverse a judgment on that ground, unless such action was plainly erroneous. As a general rule, when a witness for a party fails to appear at the time appointed for a trial, if such party show that a subpœna for the witness has been returned executed, or, if not so returned, was delivered to the proper officer of the county or corporation in which the witness resides a reasonable time before the time for the trial, and shall swear that the witness is material, and

that he cannot safely go to trial without his testimony, a continuance ought to be granted. The party thus shows *prima facie* that he is not ready for trial, though he has used due diligence to be so; and, in the absence of anything to show the contrary, the court ought to give him credit for honesty of intention, and continue the case, if there be reasonable ground to believe that the attendance of the witness at the next term of the court can be secured; especially if the case has not been before continued for the same cause. But circumstances may satisfy the court that the real purpose of the party in moving for a continuance is to delay or evade the trial, and not to prepare for it; and in such case, of course, the motion ought to be overruled." See 3 Rob. Pr. (Old), 140, 141; Savage, C. J., in *People* v. *Vermilyea*, 7 Cow., 383; *State* v. *Lewis*, 1 Bay, 1; *Com.* v. *Knapp*, 9 Pick., 515; *Russell's Case*, 28 Gratt., 936; opinion of Burks, J., citing and approving Judge Moncure's opinion in *Hewitt's Case, supra; Gwatkin* v. *Com.*, 10 Leigh, 687; *Walton's Case*, 32 Gratt., 863, opinion of Judge Moncure, a case very similar to this case; *Hook* v. *Nanny*, 4 Hen. & M., 157, note; *Higginbotham* v. *Chamberlayne*, 4 Munf., 547; *Deford* v. *Hayes*, 6 Munf., 390; *Harris* v. *Harris*, 2 Leigh, 584; *Harman* v. *Howe*, 27 Gratt., 676; *Bland & Giles County Judge Case*, 33 Gratt., 447. The authorities on this subject are collated in an admirable article in 3 Amer. & Eng., Enc. Law, 804, 821.

In this case only a few days had elapsed between the indictment and the trial. A summons for the witness had been placed in the hands of the sheriff for the witness, who resided in the same town. It was returned "not found," and the witness was not present. No lack of diligence appears or is hinted at on the part of the prisoner. He made affidavit in due form to the materiality of the witness, and the necessity for his presence at the trial to prevent a miscarriage of justice. The court overruled the motion for a continuance upon the sole ground, as appears from these circumstances, that the statements of the prisoner under oath and uncontradicted were not

credited by the court; because, if the statements had been credited by the court, it is not reasonable to consider that the motion would have been overruled by the court. We think the court erred in refusing to continue the case under these circumstances. The court should have given the prisoner credit for honesty of intention, as is said in all the cases, and ought to have continued the case. For this error of the said court the said judgment must be reversed and annulled, and the case remanded for a new trial to be had therein.

JUDGMENT REVERSED.