# Richmond.

## PHILLIPS v. COMMONWEALTH.

### JANUARY 18th, 1894.

CRIMINAL PROCEEDINGS—*Continuance.*—After a former conviction set aside on appeal, defendant moved for a continuance for absence of a material witness from sickness, but convalescent and able to attend (in defendant's opinion), at the term to which he moved the case to be continued, though the physician stated there was but little chance of his recovery ; *held*, refusal to grant the continuance was a reversible error.

Error to judgment of the corporation court of city of Alexandria, rendered January 27, 1892, upon a verdict of guilty of murder in the first degree, returned by the jury at the trial of an indictment against the plaintiff in error, Jefferson Phillips, for the murder in the first degree of one George S. Smith, by which judgment the plaintiff in error was sentenced to be hanged by the neck until dead. Opinion states the case.

*Edmund Burke* and *E. S. Brent,* for plaintiff in error.

*Attorney-General R. Taylor Scott,* for commonwealth.

LACY, J., delivered the opinion of the court.

This is a prosecution against the plaintiff in error for murder, and the conviction herein is the second conviction of the said plaintiff in error. The first conviction, which on the 27th day of January, 1892, was of murder in the first degree,

and the accused was sentenced to be hanged; but on writ of error to this court on that conviction and sentence, on the 16th day of February, 1893, the said judgment was reversed and annulled, the verdict set aside, and a new trial awarded the plaintiff in error. Upon a second trial in the said corporation court of the city of Alexandria, the judgment was rendered which is now here the subject of review, whereby the accused was convicted of murder in the second degree, and sentenced to imprisonment in the penitentiary for a term of eight years.

The first assignment of error is the refusal of the trial court to continue the case on the ground of the absence of the witness Green, who was a member of the bar of that court, who had been duly summoned, and the summons returned executed, whose materiality was duly attested, and which was known to the court, he having testified at the first trial. It was proved by his attending physician that the said Green (the witness) was sick, with the chances against him as to his recovery, but there was a possibility of his recovery. The accused, in his affidavit, sets forth that the said Green was convalescent, and that he would, as he believed, be able to attend the July term, the trial taking place in May, and that he could not safely go to trial; that he has discovered additional evidence which the said Green could offer to the court, and that the motion was not made for delay, or to evade trial, but was *bona fide*, that he might be able to meet and make defense to the charge brought against him; and it is stated upon the trial by the counsel that the said Green is now well and able to attend court to testify. Under these circumstances, it is insisted by the plaintiff in error, that the trial court ought to have granted the short continuance asked for, and that its refusal has resulted in a denial of justice.

The rule upon which the court proceeds in considering a motion for a continuance is well settled, and has often been the subject of decision in this court. In *Hewitt's Case*, 17 Gratt., 629, Judge Moncure said on this subject: "A motion for a

continuance is addressed to the sound discretion of the court, under all the circumstances of the case; and, though an appellate court will supervise the action of an inferior court on such a motion, it will not reverse a judgment on that ground, unless such action was plainly erroneous. As a general rule, when a witness for a party fails to appear at the time appointed for a trial, if such a party show that a *subpœna* for a witness has been returned executed, or, if not so returned, was delivered to the proper officer of the county or corporation in which the witness resides, a reasonable time before the time for the trial, and shall swear that the witness is material, and that he cannot safely go to trial without his testimony, a continuance ought to be granted. The party thus shows, *prima facie*, that he is not ready for trial, though he has used due diligence to be so; and, in the absence of anything to show the contrary, the court ought to give him credit for honesty of intention, and continue the case if there be reasonable ground to believe that the attendance of the witness at the next term of the court can be secured, especially if the case has not been before continued for the same cause. But circumstances may satisfy the court that the real purpose of the party in moving for a continuance is to delay or evade the trial, and not to prepare for it, and in such case, of course, the motion ought to be overruled." See 3 Rob. Pr. (O. S.) pp. 140, 141; Savage, C. J., in *People* v. *Vermilyea*, 7 Cow., 383; *State* v. *Lewis*, 1 Bay., 1; *Com.* v. *Knapp*, 9 Pick., 515; *Roussell's Case*, 28 Gratt., 936, opinion of Burks, J., citing and approving Judge Moncure's opinion in *Hewitt's Case, supra; Gwatkin* v. *Com.*, 10 Leigh, 687; *Walton's Case*, 32 Gratt., 863, opinion of Judge Moncure, a case very similar to this; *Hook* v. *Nanny*, 4 Hen. & M., 157, note; *Higginbotham* v. *Chamberlayne*, 4 Munf., 547; *DeFord* v. *Hayes*, 6 Munf., 390; *Harris* v. *Harris*, 2 Leigh, 584; *Harman* v. *Howe*, 27 Gratt., 676; *Bland & Giles County Judge Case*, 33 Gratt., 447. The authorities on this subject are collated in an admirable article in 3 Amer. & Eng. Enc. Law, pp. 804, 821.

We are not unmindful that there have been two convictions by two juries herein. The first conviction has been annulled by this court as unlawful, and the same set aside. The case was sent back for a new trial to be had therein, and this new trial can be, and to be without any prejudice from the first conviction, which was null. Upon the second trial, as upon the first, the accused was entitled to be fully heard. His witness was not dead, but sick; he might recover (as he has done). The accused swore to his materiality, and there is no ground, and none is alleged, to believe that he was not a material witness. We think the accused was entitled to be fully heard before he was condemned. An accused cannot be fairly tried until he has been fully heard under the established rules of law as set forth above (*Welsh* v. *Com., ante* p. 318), and the corporation court erred in overruling the motion of the accused for a continuance on the ground stated, and for that cause it must be reversed and annulled. It is not necessary to consider the exception based upon the action of the court in overruling the motion of the accused for a change of venue, because of local prejudice, as an impartial jury, free from exception, was obtained from another county.

JUDGMENT REVERSED.