COURT OF APPEALS OF VIRGINIA

Present: Chief Judge Fitzpatrick, Judges Coleman and Frank
Argued at Salem, Virginia


MARVIN LEE SILCOX, A/K/A
 JAKE STOUT
                                        OPINION BY
v.    Record No. 2988-98-3    CHIEF JUDGE JOHANNA L. FITZPATRICK
                                       MAY 23, 2000
COMMONWEALTH OF VIRGINIA


             FROM THE CIRCUIT COURT OF WASHINGTON COUNTY
                    Charles H. Smith, Jr., Judge

          James Michael Shull (S. Strother Smith, III,
          on brief), for appellant.

          Stephen R. McCullough, Assistant Attorney
          General (Mark L. Earley, Attorney General,
          on brief), for appellee.


     Marvin Lee Silcox (appellant) was convicted in a jury trial

of abduction, in violation of Code § 18.2-47, and misdemeanor

assault and battery, in violation of Code § 18.2-57.[1]  The sole

issue is whether the trial court erred in refusing to continue

the case because appellant's out-of-state counsel was

unavailable on the trial date.  Finding no abuse of discretion,

we affirm.

                              I.

     The record establishes that trial was initially set for

August 13, 1997.  On July 22, 1997, appellant requested a

_____

     [1] Appellant was acquitted of the use of a firearm during the
commission of a felony, the unlawful possession of a firearm, and
brandishing a firearm.

continuance because "co-counsel for the Defendant . . . [was] ill and has closed her practice and Counsel [James] Shull informed the Court that he desired to secure new local co-counsel . . . ."  The trial court granted appellant's motion, and trial was continued to October 21, 1997.  On October 21, 1997, appellant again moved for a continuance because the Federal Bureau of Investigation was conducting an investigation into matters related to this case.  At that time, the trial court granted a continuance "generally from October 21, 1997 until the further order of the Court" because the "ongoing investigation . . . may or may not have . . . some benefit to the defendant."  Trial was subsequently set for May 27, 1998.

On May 14, 1998, counsel for appellant, James Michael Shull (Shull), filed a motion to withdraw as counsel on the ground that appellant had relieved him as counsel.  Shull attached a letter from a California attorney, Milton C. Grimes (Grimes), indicating that appellant had retained Grimes to represent him and instructed Shull to "immediately cease and desist further efforts on his behalf."  Shull also attached to his motion to withdraw a letter dated May 8, 1998, in which Grimes indicated he was going to meet with appellant on May 9, 1998 to determine whether Shull, Grimes, or both attorneys would represent appellant at trial.  The record reflects that Grimes himself never filed a praecipe noting his appearance.  The trial court denied the motion to withdraw, stating the following:

-

The Court is of the opinion that the attachments to the Motion constitute notice of appearance by Milton C. Grimes, Esquire, as Counsel of record for the defendant in these cases, with James Michael Shull, assisting as Virginia Counsel pursuant to Rule 1A:4.

After mature consideration of this matter, the Court doth deny the Motion to Withdraw and these matters remain set for trial by a jury on May 27, 1998 at 9:00 a.m. <u>All counsel are expected to be present on that date at that time ready for trial</u>.

(Emphasis added).

On May 26, 1998, the afternoon before the trial, S. Strother Smith, III (Smith), another Virginia attorney, filed a motion requesting the trial court to recognize his entry into the case as local counsel, with Grimes acting as lead counsel. Smith also moved to dismiss the charges on speedy trial grounds or, in the alternative, to grant a continuance because Grimes, appellant's lead counsel, was unavailable for trial the following day.[2] Smith stated that Grimes was "tied up" with pretrial motions in a federal case in California and "cannot be available" for appellant's case. The trial judge denied the motion for a continuance, stating the following:

---

[2] Smith also requested a continuance on the ground that, as new local counsel, he "has had no time to even familiarize himself with the case." However, the trial court denied this ground for a continuance, stating: "[W]hen counsel comes into a case in the middle of the case, in particular when the case is scheduled for trial the next day, . . . it is assumed that counsel is ready or could be ready for trial the next day." Appellant did not challenge this finding and, therefore, we do not address it on appeal.

-

Insofar as the motion to continue [the case] on account of Counsel Grimes in California not being present, . . . [h]e knew the story when he got in the case from a month or two ago . . . . And, he knew the case was scheduled for trial, and he knew - at that time he knew he would be in a trial and he needed to arrange his schedule to be in a trial. And, the fact that he isn't here is of no moment to the Court, because the Court sees two mighty experienced counsel sitting at counsel table for the defendant. Mr. Shull is lead counsel and has been since the case commenced.

(Emphasis added). The trial court further explained:

[T]he Court is of the opinion when a defendant undertakes to employ foreign counsel from 2,000 miles away on the eve of the trial, that's a maneuver in an attempt to get a postponement to me. . . . The Court won't be maneuvered in that manner. With all due respect to Mr. Grimes, if he's going to accept employment in cases . . . in the Commonwealth of Virginia, . . . [h]e knew or should have known what his schedule was and he couldn't be two to 3,000 miles away and fly out here for these felony charges on this date.

Following a trial by jury, appellant was convicted of abduction, in violation of Code § 18.2-47, and misdemeanor assault and battery, in violation of Code § 18.2-57.

II.

The decision whether to grant a continuance is a matter within the sound discretion of the trial court. See Lebedun v. Commonwealth, 27 Va. App. 697, 712, 501 S.E.2d 427, 434 (1998); Price v. Commonwealth, 24 Va. App. 785, 788, 485 S.E.2d 655, 657 (1997). The Virginia Supreme Court has established a

-

two-pronged test for determining whether a trial court's denial of a continuance request is reversible error. Under this test, we may reverse a trial court's denial of a motion for a continuance only if it appears from the record: (1) that the court abused its discretion and (2) that the movant was prejudiced by the court's decision. See Cardwell v. Commonwealth, 248 Va. 501, 509, 450 S.E.2d 146, 151 (1994). In order to justify a continuance "by the last minute change of counsel, exceptional circumstances must exist." Shifflett v. Commonwealth, 218 Va. 25, 30, 235 S.E.2d 316, 320 (1977).

In the instant case, the evidence does not support appellant's allegation that the trial court abused its discretion. Additionally, the evidence does not show, and appellant does not allege, that he was prejudiced by the court's denial of his motion.[3] See Cardwell, 248 Va. at 509, 450 S.E.2d at 151. Although counsel argued that Grimes was the "lead attorney," the trial court noted that Shull had been involved in the case and had been lead counsel for appellant "since the case

---

[3] In this context, appellant's reliance upon Smith v. Commonwealth, 155 Va. 1111, 156 S.E. 577 (1931), is misplaced. In Smith, the Supreme Court held that the trial court erred by refusing to grant a continuance where the defendant's attorney could not attend due to a family emergency. Noting that "[t]his is not a case in which a man had employed two lawyers," the Supreme Court concluded that allowing substitute counsel "two or three days in which to familiarize himself with the situation and to prepare and present his evidence was not unreasonable." Id. at 1116-18, 156 S.E. at 579.

-

commenced."  The matter had been continued previously at appellant's request for several months.

Additionally, the record does not reflect any "exceptional circumstances" warranting a continuance, see Shifflett, 218 Va. at 30, 235 S.E.2d at 320, but instead demonstrates that appellant was represented by two "experienced" attorneys.  The trial court considered appellant's motion as "an attempt to get a postponement" and stated that it would not "be maneuvered in that manner."  See, e.g., Bennett v. Commonwealth, 236 Va. 448, 460-61, 374 S.E.2d 303, 311 (1988) ("Ambush, trickery, stealth, gamesmanship, one-upmanship, surprise have no legitimate role to play in a properly conducted trial.").  We conclude the trial court did not abuse its discretion by refusing to grant the motion for a continuance to allow a third attorney to be present.[4]  Accordingly, appellant's convictions are affirmed.

Affirmed.

---

[4] Appellant's argument that he was denied his Sixth Amendment right to counsel is procedurally barred.  Appellant did not raise this issue at trial, it was not granted as an issue on appeal, and we do not consider it for the first time here.  See Rule 5A:18; see also Deal v. Commonwealth, 15 Va. App. 157, 161, 421 S.E.2d 897, 900 (1992) ("This procedural bar applies even to defendant's constitutional claims."); Cottrell v. Commonwealth, 12 Va. App. 570, 574, 405 S.E.2d 438, 441 (1991) (same).

-