COURT OF APPEALS OF VIRGINIA

Present:    Judges Humphreys, Kelsey and Senior Judge Overton
Argued at Chesapeake, Virginia


STERLING SPRUILL

                                        MEMORANDUM OPINION* BY
v.        Record No. 1947-04-1            JUDGE D. ARTHUR KELSEY
                                            NOVEMBER 29, 2005
COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF ISLE OF WIGHT COUNTY
Westbrook J. Parker, Judge

        Seth I. Howard, Assistant Appellate Defender (Virginia Indigent
        Defense Commission, on briefs), for appellant.

        Eugene Murphy, Senior Assistant Attorney General (Judith Williams
        Jagdmann, Attorney General, on brief), for appellee.


        A jury found Sterling Spruill guilty of possession of a firearm after having been

convicted of a felony, a violation of Code § 18.2-308.2(A).  On appeal, Spruill argues that his

conviction should be reversed because the trial court failed to grant a continuance so he could

secure the testimony of his brother.  Because Spruill cannot demonstrate prejudice, we affirm.

I.

        While investigating a domestic dispute at Spruill's apartment, police officers became

concerned about the possible presence of weapons.  After first denying any knowledge of any

weapons in his apartment, Spruill later volunteered that there was a firearm in a shoebox in his

closet.  Police found the weapon, a 9-millimeter semiautomatic handgun, in the shoebox.  Next

to it was a magazine clip loaded with ten cartridges.  Spruill explained what he knew about the

weapon in a written statement to the police.  In his statement, Spruill said his brother and father

* Pursuant to Code § 17.1-413, this opinion is not designated for publication.

helped move him into his new apartment about seven months ago. Without Spruill's knowledge, they brought in a box containing his father's handgun. Spruill claimed he first found the weapon while "unloading the boxes" after the move. He claimed he asked his father to come get the handgun, but his father never did. Spruill also admitted he personally handled the weapon twice while it had been in his closet.

A grand jury indicted Spruill, a convicted felon, for possessing a firearm in violation of Code § 18.2-308.2(A). At the beginning of his trial, Spruill requested a continuance because he had not secured the attendance of several witnesses. The trial judge granted the continuance with the warning that he would not continue the case again "because I can see this happening all over again." On the morning of the postponed trial date, Spruill again asked for a continuance. His brother, Spruill explained, had been served with a witness subpoena but refused to come to trial that day because "he had court somewhere else and was not going to be able to make it."

Spruill proffered his brother's testimony. He would testify, Spruill said, that he "was helping in the moving and actually brought the box [containing the handgun] and put it in the closet where it was found by a sheriff of the Smithfield Police Department." Upon hearing this proffer, the trial judge denied the continuance motion and empanelled a jury to decide the case.[1]

The Commonwealth presented to the jury Spruill's written statement admitting to handling the firearm on at least two occasions and argued this evidence demonstrated his guilt under Code § 18.2-308.2(A). Spruill took the stand in his own defense. He admitted making the written statement. Even so, Spruill testified, "Everything on the paper is false." He "just made it

---

[1] Judge Carl Edward Eason, Jr. presided over the trial and ruled on the second continuance motion. Chief Judge Westbrook J. Parker entered the final sentencing order imposing the jury's recommended sentence.

- 2 -

up" on the assumption the police were "going to be fair" with him. The jury found Spruill guilty, and the trial court imposed the recommended sentence.

## II.

Claiming the trial judge committed reversible error in denying his second continuance motion, Spruill asks us to reverse his conviction and order a retrial. Under settled law, we use

> a two-pronged test for determining whether a trial court's denial of a continuance request is reversible error. Under this test, we may reverse a trial court's denial of a motion for a continuance only if it appears from the record: (1) that the court abused its discretion and (2) that the movant was prejudiced by the court's decision.

Lebedun v. Commonwealth, 27 Va. App. 697, 712-13, 501 S.E.2d 427, 434 (1998); see Silcox v. Commonwealth, 32 Va. App. 509, 513, 528 S.E.2d 744, 746 (2000) (applying the "two-pronged test").[2]

"Abuse of discretion *and* prejudice to the complaining party are essential to reversal." Butler v. Commonwealth, 264 Va. 614, 621, 570 S.E.2d 813, 817 (2002) (citations omitted and emphasis added). The absence of one renders inconsequential the presence of the other. See Lowery v. Commonwealth, 9 Va. App. 304, 307, 387 S.E.2d 508, 509-10 (1990) (holding that even if the court were to "assume arguendo" an abuse of discretion, the record did not show prejudice). We cannot reverse if the defendant "has shown no prejudice resulting from what he claims was an abuse of discretion" in denying the continuance. Quintana v. Commonwealth, 224

---

[2] See also Mills v. Mills, 232 Va. 94, 96, 348 S.E.2d 250, 252 (1986) (holding that a denial of a continuance can be reversed only "upon a showing of abuse of discretion and resulting prejudice to the movant"); Rosenberger v. Commonwealth, 159 Va. 953, 957-58, 166 S.E. 464, 466 (1932) ("Abuse of discretion and prejudice to the complaining party are essential to reversal." (citation omitted)); Shackleford v. Commonwealth, 32 Va. App. 307, 320-21, 528 S.E.2d 123, 130 (2000) (applying the "two-pronged test" and holding that the defendant "failed to show that he was prejudiced" by the denial of the continuance), aff'd, 262 Va. 196, 547 S.E.2d 899 (2001); Price v. Commonwealth, 24 Va. App. 785, 789, 485 S.E.2d 655, 656 (1997) (requiring a showing of "an abuse of discretion and demonstrated prejudice to the complainant").

Va. 127, 135, 295 S.E.2d 643, 646 (1982). Prejudice, moreover, "may not be presumed; it must appear from the record." Lowery, 9 Va. App. at 307, 387 S.E.2d at 510 (citation omitted).

In this case, the record does not show prejudice. Spruill's proffer of his brother's testimony said only that his brother brought the handgun into the apartment during the move. The Commonwealth, however, never once contested this assertion in opening statements, during the presentation of the evidence, or in closing arguments. The Commonwealth instead focused exclusively on what happened to the handgun after the move, a subject about which the proffer said absolutely nothing.

To be sure, the proffer *corroborated* the single most incriminating piece of evidence against Spruill — his written statement. This statement began with the assertion that his brother and father helped move Spruill into his apartment. Spruill's statement goes on to say that he later found the handgun and physically handled it on at least two occasions. It remained in his closet for seven months. In short, the absence of the proffered testimony could not have prejudiced Spruill's defense because it addressed a subject on which he needed no defense.

Because the absence of prejudice, by itself, wholly defeats Spruill's appeal, we need not address his abuse-of-discretion arguments. "Given our holding, any discussion on that point would conflict with two principles of judicial self-restraint: our reluctance to issue what amounts to an 'advisory opinion' on an inessential subject, Craddock v. Commonwealth, 40 Va. App. 539, 551 n.1, 580 S.E.2d 454, 461 n.1 (2003), and our corresponding desire to decide the case 'on the best and narrowest ground available.' Air Courier Conference v. Am. Postal Workers Union, 498 U.S. 517, 531 (1991) (Stevens, J., concurring)." Johnson v. Commonwealth, 45 Va. App. 113, 117 n.3, 609 S.E.2d 58, 60 n.3 (2005).

These admonitions are particularly applicable to cases where, as here, any opinion we might offer on the abuse-of-discretion prong of the continuance test — if adverse to the

Commonwealth — would be immune from further appellate review by the Virginia Supreme Court.  See Commonwealth v. Harley, 256 Va. 216, 504 S.E.2d 852 (1998).  Having won the result it sought on the prejudice prong, the Commonwealth would have no ability to challenge any faulty legal reasoning in our analysis of the abuse-of-discretion prong.  Our holding on one issue, therefore, would preclude the appellate process from testing the validity of what purports to be a holding on the other.  While this may be of little concern to courts of last resort, it is of great concern to intermediate appellate courts.[3]

III.

Because Spruill cannot demonstrate prejudice, we have no authority to reverse his conviction.  We thus affirm his conviction for possessing a firearm after having been convicted of a felony.

Affirmed.

---

[3] Under Virginia appellate law, the question whether a trial court erred is "rendered moot" by any "further ruling" that the error was "harmless."  Harley, 256 Va. at 219, 504 S.E.2d at 853.  That so, judicial prudence dictates — as the leading Virginia case formulating the harmless error doctrine illustrates —  that the doctrine is best applied when we "assume, without deciding" the alleged error.  See Clay v. Commonwealth, 262 Va. 253, 259, 546 S.E.2d 728, 731 (2001) (adopting federal standard for nonconstitutional issues); see also Muhammad v. Commonwealth, 269 Va. 451, 517, 611 S.E.2d 537, 575 (2005); Rose v. Jaques, 268 Va. 137, 157, 597 S.E.2d 64, 75 (2004); McDonald v. Nat'l Enters., Inc., 262 Va. 184, 194, 547 S.E.2d 204, 210 (2001); Mu'Min v. Commonwealth, 239 Va. 433, 441-42, 389 S.E.2d 886, 892 (1990), aff'd, 500 U.S. 415 (1991); Hagy v. Commonwealth, 222 Va. 599, 604-05, 283 S.E.2d 187, 190 (1981); Shanklin v. Commonwealth, 222 Va. 862, 865, 284 S.E.2d 611, 613 (1981); Yager v. Commonwealth, 220 Va. 608, 614, 260 S.E.2d 251, 255 (1979); McCray v. Commonwealth, 44 Va. App. 334, 346, 605 S.E.2d 291, 297 (2004); K&G Abatement Co. v. Keil, 38 Va. App. 744, 754-55, 568 S.E.2d 416, 421 (2002); Green v. Commonwealth, 32 Va. App. 438, 445-46, 528 S.E.2d 187, 191 (2000); Herbin v. Commonwealth, 28 Va. App. 173, 186, 503 S.E.2d 226, 232 (1998).

Humphreys, J., concurring.

I agree that the denial of Spruill's motion for a continuance does not constitute reversible error because it did not result in actual prejudice. I write separately, however, to emphasize the point neglected by the majority: that the trial court did, in fact, err.

I.

Although I recognize that appellate courts will occasionally assume that a lower court erred and then hold that the presumed error is not reversible,[4] I believe this approach often neglects our responsibility to fully and fairly decide each case presented to this Court on appeal. Proceeding directly to the second prong of what the majority concedes is a two-pronged test[5] is not indicative of deciding a case on the narrowest and best grounds available, but rather, avoids our responsibility entirely. I believe that the "narrowest and best grounds available" line of reasoning is better left to cases where multiple, separate issues are presented on appeal, and the appellate court need only decide one of those issues to dispose of the appeal in its entirety. Here,

---

[4] Although the majority cites Lowery v. Commonwealth, 9 Va. App. 304, 387 S.E.2d 508 (1990), as authority for its decision to proceed directly to the question of whether the denial of the motion for a continuance resulted in prejudice, Lowery is distinguishable from the present case. In Lowery, this Court held that it need not decide whether the trial court erred because the appellant did not proffer the substance of the omitted testimony and, therefore, "failed to make a proper record for appeal . . . ." Id. at 308, 387 S.E.2d at 510. Because the appellant "failed to present a complete record to this Court for proper review of the issue," we held that we were procedurally barred from "address[ing] the merits of that issue." Id. at 308-09, 387 S.E.2d at 510. Here, in contrast, there is no question that Spruill proffered the substance of the missing witness' testimony and, therefore, presented a complete record on appeal.

[5]     The Virginia Supreme Court has established a two-pronged test for determining whether a trial court's denial of a continuance request is reversible error. Under this test, we may reverse a trial court's denial of a motion for a continuance only if it appears from the record: (1) that the court abused its discretion and (2) that the movant was prejudiced by the court's decision.

Silcox v. Commonwealth, 32 Va. App. 509, 513, 528 S.E.2d 744, 746 (2000).

- 6 -

a single issue is presented on appeal, and a multi-pronged test governs the merits of that issue. The second prong of this particular two-prong test is essentially a harmless error analysis, and the majority's approach deprives the trial courts of guidance on the merits of the issue before us through a "no harm, no foul" approach. Moreover, contrary to the majority's implication, analyzing that issue under both prongs of the applicable two-pronged test would not render half of the opinion "advisory." Indeed, if the first prong of the test is not met, the applicability of the second prong is moot. In my view, it is the majority's approach that truly risks the rendering of an advisory opinion. Accordingly, although I agree with my colleagues that the denial of Spruill's motion for a continuance did not result in prejudice, I would address this issue only after deciding whether the trial court erred when it denied the motion.

## II.

"The decision whether to grant a continuance is a matter within the sound discretion of the trial court." Venable v. Venable, 2 Va. App. 178, 181, 342 S.E.2d 646, 648 (1986). In deciding whether to grant a continuance, "'the court is to consider all the circumstances of the case.'" Gray v. Commonwealth, 16 Va. App. 513, 517, 431 S.E.2d 86, 89 (1993) (quoting Venable, 2 Va. App. at 181, 342 S.E.2d at 648). And, in the context of a criminal matter, "although granting or denying a continuance is within the discretion of the trial court, it must exercise its discretion 'with due regard to the provisions of the Bill of Rights, which secure to one accused of crime a fair and impartial trial; and to that end safe-guard his right "to call for evidence in his favor."'" Gilchrist v. Commonwealth, 227 Va. 540, 546, 317 S.E.2d 784, 787 (1984) (quoting Cremeans v. Commonwealth, 104 Va. 860, 863, 52 S.E. 362, 363 (1905)). Thus, "[w]hen a court has no reason to believe that a motion for a continuance is spurious, it should seriously consider whether a failure to grant the continuance may 'imperil the just

- 7 -

determination of the cause.'" Id. (quoting Myers v. Trice, 86 Va. 835, 842, 11 S.E. 428, 430

(1890)); see also Cherricks v. Commonwealth, 11 Va. App. 96, 99, 396 S.E.2d 397, 399 (1990).

Spruill argues that the trial court abused its discretion because defense counsel, despite

the exercise of due diligence, was unable to procure the attendance of a material witness at trial.

I agree that, under the circumstances of this case, the denial of Spruill's motion for a continuance

constituted an abuse of discretion.

As a general rule, if a witness for a party "fails to appear at the time appointed for the

trial," the trial court should grant that party's motion for a continuance if the party shows:

> [1] that a subpoena for the witness has been returned executed . . .
> a reasonable time before the time for the trial, . . . [2] that the
> witness is material, [such] that [the party] cannot safely go to trial
> without [the witness'] testimony, [and] . . . [3] reasonable ground
> to believe that the attendance of the witness, at the next term of the
> court, can be secured . . . .

Walton v. Commonwealth, 73 Va. (32 Gratt.) 855, 858 (1879). This long-standing rule is

premised on the concept that the moving party has shown, "*prima facie*, that he is not ready for

trial, though he has used due diligence to be so; and in the absence of anything to show the

contrary, the court ought to give him credit for honesty of intention, and to continue the

case . . . ." Id.; see also Cherricks, 11 Va. App. at 99-100, 396 S.E.2d at 399. On the other hand,

if the circumstances indicate "that the real purpose of the party in moving for a continuance is to

*delay* or *evade* the trial, and not to prepare for it, . . . the motion ought to be overruled." Walton,

73 Va. (32 Gratt.) at 858-59 (emphasis in original); accord Phillips v. Commonwealth, 90 Va.

401, 403, 18 S.E. 841, 842 (1894); Welch v. Commonwealth, 90 Va. 318, 321, 18 S.E. 273, 274

(1893).

A.  Exercise of Diligence to Procure the Witness' Attendance at Trial

Neither party disputes that the subpoena for Spruill's brother was issued and executed a reasonable time before the scheduled trial.  Regardless, the Commonwealth argues that defense counsel failed to exercise due diligence to procure the attendance of the witness, reasoning that "the defense should have taken more steps to insure the presence of the defendant's brother, especially as the mere issuance of a subpoena had not worked before."  I disagree.

"Due diligence is that amount of prudence 'as is properly to be expected from, and ordinarily exercised by, a reasonable and prudent man under the particular circumstances.'" McDonnough v. Commonwealth, 25 Va. App. 120, 128, 486 S.E.2d 570, 574 (1997) (quoting Black's Law Dictionary 457 (6th ed. 1990)).  "Due diligence requires only a good faith, reasonable effort; it does not require that every possibility, no matter how remote, be exhausted." Id.  However, due diligence does require, at minimum, "that a party attempt to subpoena the witness or provide a reasonable explanation why a subpoena was not issued."  Id.  Ultimately, "[w]hether a party has used due diligence is a factual question that will be reversed on appeal only if it is plainly wrong or without evidence to support it."  Id. at 127, 486 S.E.2d at 573.

The record reflects that, although a subpoena was issued for Spruill's brother before the originally scheduled trial, that subpoena was never served.  In addition to obtaining personal service of the second subpoena, defense counsel spoke with the witness, informed the witness that he was compelled to attend, and was still unable to obtain the witness' presence at trial. Based upon these circumstances, the trial court expressly found that defense counsel had "taken all steps necessary to have [the witness] present."  This finding is not plainly wrong or without evidence to support it.  Accordingly, the trial court's factual finding that defense counsel exercised due diligence in attempting to procure the witness' attendance at trial is supported by

the evidence and is therefore binding on this Court on appeal. See Cherricks, 11 Va. App. at 100, 396 S.E.2d at 400.

## B. Materiality of the Witness' Testimony

To establish that the trial court abused its discretion in denying a motion for a continuance, the party who requested the continuance must also demonstrate that the missing witness would have provided testimony material to the party's case. See Gray, 16 Va. App. at 518, 431 S.E.2d at 89. Generally, to establish materiality, the party requesting the continuance must indicate that the missing witness would have testified to facts that "could not be proved by some other person who was present at the trial." Gimmell v. Commonwealth, 145 Va. 865, 868, 134 S.E. 699, 700 (1926). Thus, a trial court will not abuse its discretion in denying a motion for a continuance if the missing witness' testimony "would have been merely cumulative" in nature. Vineyard v. Commonwealth, 143 Va. 546, 549, 129 S.E. 233, 234 (1925).

As the Virginia Supreme Court has noted, however, "corroborative testimony and cumulative testimony are not the same thing." Massey v. Commonwealth, 230 Va. 436, 442, 337 S.E.2d 754, 758 (1985). Cumulative testimony "is repetitive testimony that restates what has been said already and adds nothing to it. It is testimony of the same kind and character as that already given." Id. Corroborative evidence, in contrast, "is evidence that does not emanate from the defendant's mouth, does not rest wholly upon the defendant's credibility, but . . . adds to, strengthens, and confirms [the] defendant's testimony." Id. at 443, 337 S.E.2d at 758. Thus, although evidence that "is merely cumulative . . . may be limited by the court," corroborative evidence "is exactly the kind of evidence that [a] defendant [is] entitled to develop." Id.

According to the proffer made by defense counsel, Spruill's brother would have testified that he, rather than Spruill, "actually brought the box and put it in the closet where it was found by a sheriff of the Smithfield Police Department." Because Spruill testified at trial that he did

- 10 -

not move the box into the closet, the proffered testimony would have been, to some extent, cumulative in nature.

However, during trial, Spruill's sole defense focused on his assertion that he did not know the gun was in the closet because he did not pack the box or move it into the apartment. Thus, the testimony would not merely have been repetitive of facts that had been established by other witnesses. Rather, because the missing testimony would have "add[ed] to, strengthen[ed], and confirm[ed]" Spruill's testimony, id., evidence that "need[ed] support," Black's Law Dictionary 577 (7th ed. 1999) (defining corroborating evidence), it was primarily corroborative in nature. Accordingly, the missing testimony was material to Spruill's asserted defense (*i.e.*, lack of knowledge as to the presence of the weapon). See Lacks v. Commonwealth, 182 Va. 318, 324, 28 S.E.2d 713, 715 (1944) (holding that the trial court erred in denying a motion for a continuance where the missing witness' testimony "would tend to establish an alibi," noting that, under those circumstances, "the evidence was very material and, even though cumulative to some extent, fairness to the accused demanded a continuance").

### C. Likelihood that the Witness Will Appear at a Subsequent Trial

Finally, to establish that the trial court abused its discretion in denying a motion for a continuance, the party who moved for the continuance must show "reasonable ground to believe that the attendance of the witness, at the next term of the court, can be secured . . . ." Walton, 73 Va. (32 Gratt.) at 858; see also Bryant v. Commonwealth, 248 Va. 179, 182-83, 445 S.E.2d 667, 669 (1994). Here, the missing witness failed to appear at a previously scheduled trial. However, the witness was not served with a subpoena for the earlier trial. And, after the witness was personally served with a subpoena for the rescheduled trial, the witness took the initiative to inform defense counsel that he had a conflict and, as a result, would not be able to appear in court on the date listed on the subpoena. Of note, the witness did not tell defense counsel that he

would never testify at his brother's trial; rather, he merely said that he could not come on the scheduled date. Thus, although the witness was unavailable to testify on the given date, there is nothing in the record from which it could be inferred that the witness would be unable or unwilling to testify at a subsequent trial. Cf. Phillips, 90 Va. at 404, 18 S.E. at 842 (trial court erred in denying motion for a continuance where a subpoenaed witness failed to appear, reasoning that the witness "was not dead, but sick").

Because Spruill established that he was unable, through due diligence, to procure the attendance of a material witness, who would have been available to testify on a subsequent date, I would hold that the trial court abused its discretion when it denied Spruill's motion for a continuance. See generally Anthony v. Commonwealth, 179 Va. 303, 310, 18 S.E.2d 897, 900 (1942) (noting that, although "[t]he desire of the trial court to prevent undue delay of the trial of the case is commendable[,] [] this should not compel the court to force a litigant into trial in the absence of material witnesses, where such litigant has done all in his power to obtain their appearance and it appears with reasonable certainty that the witnesses will be available at a subsequent date"). However, because I agree that the error did not result in prejudice to Spruill, I concur in the judgment reached by the majority.